# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question (U.S. Government Not a Party)
- ❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 370 Other Fraud | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 371 Truth in Lending | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal Property Damage | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 463 Habeas Corpus - Alien Detainee | | |
| | | | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GEEP TEXAS LLC and <br> TECHWAY SERVICES, INC., <br>                Plaintiffs <br> v. <br> DARIK HORN, <br>                Defendant | § § § § § § § § § § § § § Case No. _____ <br> JURY |

## NOTICE OF REMOVAL

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION:

COMES NOW DEFENDANT DARIK HORN ("Horn") and hereby gives notice of the removal of the above-captioned civil action from the District Court of Denton County, Texas, 367th Judicial District, to the United States District Court for the Eastern District of Texas, Sherman Division.

1. Horn is a Defendant in the above-captioned civil action, which was originally filed in the District Court of Denton County, Texas, 367th Judicial District, on December 15, 2009, styled as GEEP TEXAS LLC and TECHWAY SERVICES, INC., Plaintiffs v. DARIK HORN, Defendant, under Cause No. 2009-50404-367. (Exhibit 1., Verified Petition.)

2. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. §§ 1331 and 1338 in that at the time of the filing of the Original Petition, and up to the present, federal question jurisdiction exists as Plaintiffs have brought claims and sought a

declaratory judgment relating to rights arising under the Copyright Act, 17 U.S.C. § 101 *et seq*, the jurisdiction of which is exclusively federal.

       3.      Plaintiff's declaratory judgment claim "arises under" federal law as "it appears that some substantial, disputed question of federal law is a necessary element of one of [plaintiff's] well-pleaded state claims…." *See Gemcraft Homes, Inc. v. Sumurdy,* 688 F. Supp. 289, 291 (E.D. Tex. 1988) (*citing Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-13, 103 S. Ct. 2841, 2846-48, 77 L. Ed. 2d 420 (1983)).  Plaintiffs seek a declaration that "Plaintiffs have an exclusive worldwide right… to use, execute, reproduce and/or distribute copies of the Techway Version (EBAN®) developed by Horn, including the derivative works of the Techway Version and any DBAN modifications incorporated as part of the Techway Version."  (Ex. 1, Verified Petition. ¶ 75.)  These allegations reference several specific rights granted under federal copyright laws to the owner of a copyrighted work over which federal courts have exclusive jurisdiction.  *See* 17 U.S.C. § 106; 28 U.S.C. § 1338.  Additionally, Plaintiffs assert facts relating to Horn's status as both an independent contractor and an employee at different points in time during their transactions.  (Ex. 1, Verified Petition. ¶ 20.)  Thus, Plaintiffs have set forth facts relating to ownership of the copyright(s) and have requested the Court to declare it possesses ownership of rights granted by copyright laws. Plaintiffs admit that such a declaration would "resolve all or a complete part of the controversy between the parties."  (Ex. 1, Verified Petition. ¶ 76.)  As such, a substantial, disputed question of federal law is a substantial, disputed element in Plaintiffs' "well-pleaded complaint" and Plaintiff's claim "arises under" federal law.  Therefore, federal jurisdiction exists and the action is properly removable.

       4.      Federal jurisdiction exists under the Declaratory Judgment Act if the declaratory judgment defendant could file a coercive action based in part on federal law.  *Halliburton Co. Benefits Comm. v. Mem'l Hermann Hosp. Sys.*, 2006 U.S. Dist. LEXIS 3184 (S.D. Tex. Jan. 19, 2006).  As established above in paragraph 3, the issue of ownership of the copyrights for the EBAN software is at issue.  It follows that Horn could file a coercive action based on the

Copyright Act for copyright infringement of the EBAN software. Thus, federal jurisdiction exists under the Declaratory Judgment Act and the action is properly removable.

5. Furthermore, Plaintiffs' declaratory judgment claim for a declaration that it has "an exclusive worldwide right and license to use, execute, reproduce and/or distribute copies of the Techway Version (EBAN®) developed by Horn, including the derivative works of the Techway Version and any DBAN modifications incorporated as part of the Techway Version" (Ex. 1, Verified Petition. ¶ 75) is pre-empted by federal law. A state cause of action is pre-empted by 17 U.S.C. § 301 if the rights at issue come within the subject matter of copyright as set forth in §§ 102 and 103, and the rights at issue are equivalent to the exclusive rights of § 106. *Gemcraft Homes*, 688 F. Supp. at 294. The express intent of Congress was to preempt all state causes of action for violations of the exclusive rights found in § 106 and coming within the subject matter of copyright as specified in 17 U.S.C. §§ 102, 103. *Id.* at 293. The Techway Version (EBAN®) of the software comes within the subject matter of copyright as set forth in §§ 102 and 103, and the rights asserted by Plaintiffs, "to use, execute, reproduce and/or distribute copies… including derivative works" is a specific reference to several rights granted under federal copyright laws to the owner of a copyrighted work. Thus, both elements of the test are satisfied and the underlying basis for Plaintiffs' claim is completely pre-empted by federal law. Consequently, federal jurisdiction exists and the action is properly removable.

6. Plaintiffs' breach of contract, misappropriation and use of trade secrets, breach of fiduciary duty/breach of duty of loyalty, unfair competition and conversion claims also will require the determination of the ownership of the copyright for the software and other confidential and proprietary information pursuant to federal copyright laws. Thus, it appears that these claims involve a substantial, disputed question of federal law and "arise under" federal law. Therefore, federal jurisdiction exists and the action is properly removable.

7. Because Plaintiffs' remaining claims form part of the same case or controversy, the Court has supplemental jurisdiction over all of Plaintiffs' claims under 28 U.S.C. § 1367(a).

8.   Horn first received a copy of the Summons and Original Complaint on or about December 16, 2009 when a copy was personally delivered to him.  This Notice of Removal was filed on December 17, 2009, within thirty days of receiving the Summons and Original Complaint.

9.   As Horn is the only named defendant, no statements of joinder are necessary.

10.  This Court has removal jurisdiction of this action under the provisions of 28 U.S.C. sections 1441(b), and 1446 (a), (b), and (d).

11.  A jury demand was made in the state court action by Plaintiffs.  (Ex. 1, Verified Petition. ¶ 84.)

12.  Horn does not admit the propriety, sufficiency or effectiveness, in law or fact, of the purported service of the Citation and Petition.  Horn expressly preserves all of these issues for future challenge.

13.  A filing fee of $350.00 has been tendered to the Clerk of the United States District Court for the Eastern District of Texas, Sherman Division, all parties of record promptly will be served with notice of this removal and such notice will be filed with the Clerk of the District Court of Denton County, Texas, 367th Judicial District.  Once the notice is filed with the state court, a certification that such filing has been made will be filed with this Court.

11.  Copies of all documents required to be filed pursuant to 28 U.S.C. §1446(a) and Local Rule CV-81 are attached as follows:

| **Exhibit #** | **Description of Exhibit** |
|---|---|
| 1 | All Pleadings in State Court Action |
| 2 | Certified Copy of State Court Docket Sheet |
| 3 | Information Required by Local Rule CV-81 |

WHEREFORE, Horn respectfully gives notice, and respectfully prays, that the above action be removed from the District Court of Denton County, Texas, 367th Judicial District, in which it was filed, to the United States District Court for the Eastern District of Texas, Sherman

Division, and prays further that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and equity it may be entitled to receive.

Dated: December 17, 2009

Respectfully submitted,

Carstens & Cahoon, LLP

/s/ Vincent J. Allen
Vincent J. Allen
Texas State Bar No. 24012209
Celina M. Diaz
Texas State Bar No. 24044933
Amanda K. Jenkins
Texas State Bar No. 24054550
13760 Noel Road, Suite 900
Dallas, Texas 75240
Telephone:  972-367-2001
Facsimile:  972-367-2002
ATTORNEYS FOR DEFENDANT,
DARIK HORN

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on December 17, 2009 by first class U.S. mail on the following attorneys of record:

| | |
|---|---|
| Dawn Estes<br>Texas Bar No. 14251350<br>Laurie Martin<br>Texas Bar No. 24002442<br>Taber Estes Thorne & Carr<br>3500 Maple Avenue, Suite 1340<br>Dallas, Texas 75219<br>Telephone: (214) 526-2107<br>Telecopier: (214) 526-2128 | Matthew K. Davis<br>Texas Bar No. 05526000<br>Alexander M. Parker<br>Texas Bar No. 00707203<br>Jones & Davis LLP<br>15851 Dallas Parkway, Suite 1220<br>Dallas, Texas 75001<br>Telephone: (972) 733-3117<br>Telecopier: (972) 733-3119 |

    /s/ Vincent J. Allen
    Vincent J. Allen