# EXHIBIT 1

STATE OF TEXAS                                                           COUNTY OF DENTON

# CITATION
### CAUSE NO. 2009-50404-367

To: Darik Horn, 8404 Warren Parkway #1235  Frisco TX, (or wherever he or she may be found)

**Notice to Defendant/Respondent**: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 367th Judicial District Court<br>1450 E. McKinney, 3rd Floor, Denton, TX 76209 |
| --- | --- |
| Cause No. | 2009-50404-367 |
| Date of Filing: | 12/15/2009 |
| Document: | Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and For Temporary and Permanent Injunctive Relief |
| Parties in Suit: | Geep Texas LLC; Techway Services, Inc; Darik Horn |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Dawn Estes<br>3500 Maple Ave, Ste 1340, Dallas Texas 75219 |

Issued under my hand and seal of Court at office in Denton, Denton County, Texas on this the 15th day of December, 2009.

By: _____
Carrie Williams, Deputy

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____ M.
and executed on the _____ day of _____, 20____ at _____M., by delivering to the within named _____ in person a true copy of this citation and Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and For Temporary and Permanent Injunctive Relief, Plaintiff's Motion For Expedited Discovery and For Expedited Hearing, Plaintiff's Motion to Shorten Time For Hearing on Motion For Expedited Discovery, Order on Plaintiff's Motion to Shorten Time For Hearing on Motion For Expedited Discovery,  Order on Plaintiff's Motion for Expedited Discovery and For Expedited Hearing and Certificate of Cash in Lieu of Bond for Restraining Order & /or Injunction at _____.

Service Fees:  $_____            _____ Sheriff/Constable

Service ID No. _____              _____ County, Texas

By: _____
Deputy/Authorized Person

Verification *(must be completed if served outside of the State of Texas)*
On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: Upon penalty or perjury, I attest the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of 18 years and I am not a party to or interested in the outcome of this suit.
Subscribed and sworn to before me on this the _____ day of _____, 20_____.

_____
Notary Public



STATE OF TEXAS                                                          COUNTY OF DENTON

TEMPORARY RESTRAINING ORDER
CAUSE NO. 2009-50404-367

To: Darik Horn  8404 Warren Parkway #1235  Frisco TX, (or wherever he or she may be found.)
Greetings:

Whereas, Geep Texas LLC; Techway Services, Inc, filed a(n)  Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and For Temporary and Permanent Injunctive Relief in the 367th Judicial District Court of Denton County, Texas on 12/15/2009 in suit number 2009-50404-367 on the docket of said Court and styled Geep Texas LLC, Techway Services, Inc VS Darik Horn  and appeared as per attached copy of Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and For Temporary and Permanent Injunctive Relief.

And upon presentation of said Pleading and consideration thereof, the Honorable Lee Gabriel Judge of said Court, made the following order thereon:  the requirement for a bond having been posted or waived, you are therefore commanded to desist and refrain from: as per attached copy of Temporary Restraining Order and Order Setting Hearing For Temporary Injunction until and pending the hearing of such Temporary Restraining Order and Order Setting Hearing For Temporary Injunction before the Judge of said Court at 9:30 a.m. on the 29th day of December, 2009 in the 367th Judicial District Court Courtroom, located at 1450 E. McKinney, 3rd Floor of the Courts Building of Denton County, in the City of Denton, Texas, when and where you will appear to show cause why injunction should not be granted upon such Petition/Application effective until Final Order/Decree in suit.

Issued under my hand and seal of Court at office in Denton, Denton County, Texas on this the 15th day of December, 2009.

Sherri Adelstein, District Clerk
1450 E. McKinney, Suite 1200
Denton, Denton County, TX 76209

By: _____
Carrie Williams/Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____ M.
and executed on the _____ day of _____, 20____ at _____M., by delivering to the within named _____ in person a true copy of this Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and For Temporary and Permanent Injunctive Relief and Temporary Restraining Order and Order Setting Hearing For Temporary Injunction at _____
_____.

Service Fees: $_____          _____ Sheriff/Constable

Service ID No. _____          _____ County, Texas

By: _____
Deputy/Authorized Person

Verification *(must be completed if served outside of the State of Texas)*
On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath:  Upon penalty or perjury, I attest the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of 18 years and I am not a party to or interested in the outcome of this suit.
Subscribed and sworn to before me on this the _____ day of _____, 20_____.

_____
Notary Public

CAUSE NO. 2009-50404-367

FILED
DENTON COUNTY, TEXAS
2009 DEC 15 AM II: 54
SHERRI ADELSTEIN
DISTRICT CLERK
BY_____ DEPUTY

| | | |
|---|---|---|
| GEEP TEXAS LLC and | § | IN THE DISTRICT COURT |
| TECHWAY SERVICES, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| DARIK HORN, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR
## EXPEDITED DISCOVERY AND FOR EXPEDITED HEARING

Before the Court is Plaintiff's Motion for Expedited Discovery and for Expedited Hearing in the above-referenced matter.

Having considered the motion, the pleadings and applicable law, the Court determines that Plaintiff's Motion for Expedited Discovery and for Expedited Hearing shall be and is hereby GRANTED.

IT IS THEREFORE ORDERED that Defendant shall produce responses to Plaintiffs' Request for Disclosure and Request for Production within five days (including Saturdays and Sundays) after the service of such discovery requests.

IT IS FURTHER ORDERED that Plaintiffs are granted leave to notice, schedule, and take the depositions of Defendant within 5 days of the date of this Order on 3 days' notice to opposing counsel (or to Defendant if unrepresented by counsel) if agreement cannot be reached.

Signed this 15 day of December, 2009.

_____
Judge Presiding

CAUSE NO. 2009-50404-367

FILED
2009 DEC 15 AM 11: 54
SHERRI ADELSTEIN
DISTRICT CLERK
BY _____CW_____ DEPUTY

| | | |
|---|---|---|
| GEEP TEXAS LLC and | § | IN THE DISTRICT COURT |
| TECHWAY SERVICES, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| DARIK HORN, | § | |
| | § | |
| Defendant. | § | 367th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER AND ORDER
## SETTING HEARING FOR TEMPORARY INJUNCTION

On **December 15**, 2009, the Court heard Plaintiffs GEEP Texas LLC and Techway Services, Inc.'s ("Plaintiffs") Application for Temporary Restraining Order. The Court, after examining Plaintiffs' Original Verified Petition, Application for Temporary Restraining Order and for Temporary and Permanent Injunctive Relief (Plaintiffs' Original Petition"), and the affidavit and evidence attached thereto, the pleadings and all other matters properly before it, finds there is credible evidence that:

a.    A temporary restraining order is necessary to preserve the status quo;

b.    Plaintiffs have established a cause of action against Defendant Darik Horn ("Defendant"), as well as a probable right to the relief sought;

c.    Unless Defendant is immediately restrained and ordered as set forth below, harm to Plaintiffs is imminent and Plaintiffs will be irreparably injured in the interim. If Defendant is not directed to take the actions ordered herein, Plaintiffs will suffer irreparable injury in that they will lose their goodwill, will lose the exclusive use of their proprietary, trade secret and confidential information, will lose the exclusive use of their company property and will lose their ability to fully operate their businesses; and

d.    Defendant will not be harmed if injunctive relief is granted because he is merely being ordered to comply with the laws of the United States and the State of Texas and any harm to Defendant is outweighed by the potential harm to Plaintiffs if the temporary restraining order is not granted.

TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR
TEMPORARY INJUNCTION – Page 1

IT IS THEREFORE ORDERED that:

Defendant is restrained, enjoined and ordered as follows:

a.    that Horn be restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any hardware or software, books, records, or documents in his possession or control (or the possession or control of his agents, attorneys, partners, servants, representatives or any other person(s) acting or purporting to act on his behalf) related to Plaintiffs, EBAN® and/or any of the claims raised by virtue of this litigation so that an appropriate third party may preserve a copy of all computer data and make another copy for Plaintiffs' use;

b.    that Horn be restrained from using or disclosing any trade secrets or confidential information of Plaintiffs ~~and be ordered to deliver all confidential and proprietary information,~~ including any and all of Plaintiffs' customer information (such as customer e-mails and reports), ~~to Plaintiffs within 2 days of the date of the entry of a temporary restraining order,~~ specifically including the unlocked, decompiled Source Code, Object Code and Documentation for EBAN®, and that Horn be restrained from using or disclosing the Source Code, Object Code and Documentation for EBAN® except as ordered herein and that Horn be ordered to immediately allow access to same for an appropriate third party to preserve and copy;

c.    that an appropriate third party be immediately allowed to inspect the personal computers/servers maintained by Horn, wherever situated, whether they are in the possession or control of Horn or of others, and to copy said computers/servers and any related electronic data or records;

d.    that Horn be restrained from engaging in any acts or activities directly or indirectly calculated to trade upon the EBAN® trademark, Plaintiffs' reputation or goodwill, including the distribution or publication of any materials that bear EBAN's trademark or that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Horn or to EBAN® or Plaintiffs;

e.    that Horn be restrained from hereinafter utilizing the e-mail address support@ebanserver.com, the domain name ebanserver.com (and the IP address) and/or the telephone number associated with GEEP's technical support (+1-866-969-3226 (866-WOW-EBAN)) and that Horn ~~assign any rights or~~ access to both the e-mail address, domain name (including the IP address) and the number to GEEP within 2 days of the date of the entry of a temporary restraining order; and *restore Plaintiffs'*

f.    that Horn be restrained from making disparaging remarks regarding Plaintiffs, EBAN® and/or EBAN's capabilities and further restrained from making any public statements or issuing any press releases regarding EBAN®, Plaintiffs and/or Plaintiffs' former affiliation with Plaintiffs.

This Order expires on _____, 200___.

The Court orders the District Clerk to issue notice to Defendant that the hearing on Plaintiffs' Application for Temporary Injunction is set for the _20th_ day of _December_ _____, 200_9_, at _11:30_ .m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

The Court sets bond (or cash in lieu thereof) at $ _1000.00_ .

SIGNED this _15_ day of _December_, 200_9_, at _11:45_ _a_.m.

_____
Judge

CAUSE NO. 2009-50404-367

FILED
DENTON COUNTY, TEXAS

2009 DEC 15 AM II: 54

_____ STEIN
DISTRICT CLERK

BY____W____DEPUTY

| | | |
|---|---|---|
| GEEP TEXAS LLC and | § | IN THE DISTRICT COURT |
| TECHWAY SERVICES, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| DARIK HORN, | § | |
| | § | 367th |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION TO SHORTEN TIME
## FOR HEARING ON MOTION FOR EXPEDITED DISCOVERY

Before the Court is Plaintiff's Motion to Shorten Time for Hearing on Motion for

Expedited Discovery in the above-referenced matter.

Having considered the motion, the pleadings and applicable law, the Court determines

that the motion shall be and is hereby GRANTED.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Expedited Discovery shall be

heard by _____, _____, 2009.

Signed this 15 day of _December__, 2009.

_____
Judge Presiding



CAUSE NO. 2009-50404-367

| | | |
|---|---|---|
| GEEP TEXAS LLC and<br>TECHWAY SERVICES, INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| DARIK HORN, | § | |
| | § | |
| Defendant. | § | 367 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL VERIFIED PETITION AND
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
## FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs GEEP Texas LLC ("GEEP Texas") and Techway Services, Inc. ("Techway") (collectively "GEEP") bring this action for injunctive relief, declaratory relief and damages against Defendant Darik Horn ("Horn") for various acts of misappropriation of trade secrets, breach of contract, breach of fiduciary duty, breach of duty of loyalty, tortious interference with employment relationships and existing and prospective customer relationships, other related business torts and would show as follows:

### PARTIES

1. Plaintiff GEEP Texas is a Texas limited liability company registered and authorized to do business and doing business in the State of Texas, with its principal place of business located at 2501 N. Great Southwest Parkway, Grand Prairie, Tarrant County, Texas.

2. Plaintiff Techway is a Texas corporation registered and authorized to do business and doing business in the State of Texas, with its principal place of business located at 2501 N. Great Southwest Parkway, Grand Prairie, Tarrant County, Texas.



3.    Defendant Horn is an individual who, upon information and belief, resides and conducts business at 8404 Warren Parkway #1235, Frisco, Collin County, Texas. Horn may be served with process at his residence or wherever he may be located.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter under Texas Civil Practice and Remedies Code §65.021. Venue in Denton County, Texas is proper pursuant to a forum selection clause in a contract at issue in this litigation and because a substantial part of the events giving rise to the claim occurred in Denton County, Texas.

5.    This action is brought pursuant to Texas Civil Practice and Remedies Code Sections 37.001-37.011 and 65.001-65.045, Texas Rules of Civil Procedure 680-693, and the common law of the State of Texas.

6.    Defendant's conduct has directly and proximately caused damages to GEEP in excess of the minimum jurisdictional limits of this court.

## DISCOVERY CONTROL PLAN

7.    Discovery is to be conducted under Texas Rule of Civil Procedure 190.3, Level 2.

## SUMMARY OF THE CASE

8.    GEEP seeks swift relief from the Court because its former Director of Technology has hijacked its operations, as outlined below.

9.    Defendant Horn is a software developer who entered into an agreement with Techway to develop software for the secure destruction of electronic data. Horn was employed by Techway and later by its joint venture subsidiary, GEEP Texas, as Director of Technology.

In his role with GEEP Texas, Horn not only gained knowledge of GEEP's trade secrets and confidential information but further had control over the server that is at the heart of GEEP's electronic data destruction business.  Horn voluntarily resigned his employment with GEEP Texas in October 2009, with an effective last day of paid employment of November 30, 2009.

10.    On Saturday, December 5, 2009, GEEP discovered that Horn cut off its access to the server, thereby paralyzing GEEP's ability to receive and respond to various customer inquiries, to perform maintenance and upgrades on the software and to generate new business from communications routed through the server.  In fact, among other wrongful acts, Horn never actually delivered the source code that he was paid to develop as an employee of GEEP and instead, upon information and belief, has stored it on his *personal* server.  Horn re-routed tech support, telephone contact and e-mail communications to a location that he controls, thereby preventing GEEP from receiving important communications from its customers.  While employed by GEEP, Horn solicited a key employee of GEEP to work for a company he indicated he was forming.  Horn has further diverted customer communications and, upon information and belief, continues to misrepresent communications as being received or sent by GEEP.  Upon information and belief, Horn is disparaging and intends to continue disparaging GEEP and its product, including through a threatened "press release" that has already been drafted, according to an e-mail mistakenly forwarded by Horn to a GEEP employee on December 4, 2009.

11.    Via correspondence dated December 6, 2009 and subsequent e-mail communication, demand was made on Horn for compliance with his software agreement and a return of all company materials no later than 5:00 p.m. on Friday, December 11, 2009.  Horn's

failure to meet the demand (in whole or in part) necessitates this lawsuit, including Plaintiffs' request for a temporary restraining order.

12.    Defendant has misappropriated GEEP's trade secrets and confidential information for his personal benefit and use, to the detriment of GEEP and in direct contravention of his software agreement and his obligations as a former high-level employee.

## FACTUAL BACKGROUND

13.    Global Electric Electronic Processing, Inc. is a corporation formed in Ontario, Canada ("GEEP Global") that is a division company of Barrie Metals Group of Companies. For over 25 years, GEEP Global has been an industry leader in e-waste recycling. With a "zero landfill objective," GEEP Global uses processing equipment to crush and grind electronic waste, sort and extract plastic and metal and then recycle it. In 2007, GEEP Global, through its subsidiary, Global Electric Electronic Processing International, Inc., a Nevada corporation, entered into a joint venture agreement with Techway, a Texas company with data destruction processes and technology complimentary to GEEP's business. GEEP Global and Techway created GEEP Texas. GEEP Texas is an e-waste company that provides complete disposal and recycling services. GEEP's services include technology that enables it to offer secure data destruction solutions, both for small businesses and in mass quantities for large customers. GEEP markets and sells its proprietary software EBAN 2.1 ("EBAN") for mass drive data destruction (known as "wiping").

14.    EBAN is a proprietary version of an open source software application originally written by Defendant Darik Horn and known as "Darik's Boot and Nuke" ("DBAN"). DBAN

was released to the public under the GNU General Public License.  On November 9, 2005, Horn and Techway entered into a Software Development Agreement wherein Techway retained Horn to develop a proprietary version of Darik's Boot and Nuke ("Techway Version"), which was developed on behalf of Techway and later marketed by Techway under the trademark EBAN®. A true and correct copy of the Software Development Agreement is attached as Exhibit "A."

15.    Techway registered the trademark EBAN® with the United States Patent and Trademark Office (recently assigned registration number 3,1714,891) and maintains exclusive ownership of the trademark.  The registered trademark EBAN® is used by Techway, its affiliates and licensees in the normal course of their business, and has enjoyed widespread use in commerce.

16.    In exchange for valuable consideration (compensation for development time and royalty payments), Horn granted Techway an *exclusive* worldwide right and license to use, execute, reproduce and/or distribute copies of the Techway Version to be developed by Horn. Horn also gave Techway the right to prepare derivative works of the Techway Version and any DBAN modifications incorporated as part of the Techway Version. *See* Ex. A at ¶¶ 2-3.

17.    The Software Development Agreement contains a Confidentiality and Non-Disclosure provision, which, in part, provides as follows:

> (a)    Confidential Information.    Developer recognizes and acknowledges that his position with Techway will require that he be exposed to and learn certain trade or business secrets, processes, methods, technical data, trade secrets or know-how, including, but not limited to Techway research, product plans, products, services, customer lists and customers . . . software, developments, inventions . . . ("Confidential Information") . . .

(b)    Use of Confidential Information.  Developer agrees that he shall not, at any time, except in the connection with and in furtherance of the purpose of Techway, make use of or divulge to any other person, firm or corporation any item of or comprising the Confidential Information.  Developer agrees not to remove from the premises of Techway, except as required for the proper discharge of his responsibilities under this Agreement, any document or other object containing or reflecting any such Confidential Information.

(c)    Return of Materials.    Upon request by Techway, Developer: (i) shall properly deliver to Techway . . . the Confidential Information . . .; and (ii) shall not retain any copy or summary . . .

18.    The Software Development Agreement contains a forum selection and choice of law clause: "This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.  The terms of this Agreement shall be specifically performable in Denton County, Texas, and any litigation shall be commenced by either party, if at all, only in an appropriate forum in Denton County, Texas." *See* Ex. A at ¶ 14.   Paragraph 17 provides that "this Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors, assigns, legal representatives, heirs and legatees." *See* Ex. A at ¶ 17.

19.    On August 14, 2007, GEEP Texas and Techway entered into a Software Sublicense Agreement ("Sublicense Agreement") whereby Techway granted GEEP an exclusive worldwide sublicense to use and market EBAN®.  The Sublicense Agreement provides that GEEP is to be considered a Techway affiliate and incorporates the royalty payment provisions from the Software Development Agreement.

20.    At the time he entered into the Software Development Agreement, Horn was not an employee of Techway but rather an independent contractor.  He transitioned to an employee

position with Techway and, following GEEP Texas' formation as a joint venture between Techway and GEEP Global, was employed by GEEP Texas as its Director of Technology. With an annual compensation package exceeding $100,000, Horn's job responsibilities included continued development and upgrade of the EBAN® software, control of EBAN® troubleshooting/client communications regarding EBAN® and involvement with future business plan discussions and design. Horn enjoyed a unique position of trust and responsibility at GEEP.

21.    Pursuant to the Software Development Agreement and in his role as Technology Director, Horn had access to GEEP's trade secrets and confidential information, including company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and customer information (including, but not limited to, customers of GEEP that Horn communicated with or became aware of because of his employment with GEEP), software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, financial and other business information.

22.    As a leader in its field, GEEP has spent years developing its products and services and has expended substantial time, labor, and money to research, develop, and maintain confidential, proprietary, and trade secret information. GEEP's trade secrets and confidential information are used in the operation of its business and provide it with advantages, or the opportunity to gain advantages, over those who do not know of or use such trade secrets and confidential information. GEEP's confidential information and trade secrets are neither available to nor known by the general public.

23.     While at GEEP, Horn also supervised Tom Colvin ("Colvin"), who accepted and responded to customer inquiries and troubleshooting issues regarding EBAN®. In various conversations with Colvin, Horn expressed his desire to form his own company. Horn told Colvin that he had saved up approximately $200,000 as a nest egg for a home purchase but had decided to repurpose the funds for his "new venture." Around late Spring or early Summer 2009, Horn solicited Colvin to leave GEEP and join Horn's unidentified new venture. Shortly thereafter, Colvin unexpectedly required surgery and expected to be away from work for a significant time. Although GEEP asked Horn to at least temporarily fill Colvin's role by training another employee, Horn indicated that he would "handle everything" himself. Colvin returned to work earlier than expected out of concern that Horn was *not* handling matters for GEEP.

24.     Indeed, shortly thereafter, Horn forwarded a "Notice of Termination of Contract" to Techway ("September Termination Notice"): "Darik Horn hereby notifies Techway, Inc. that the SOFTWARE DEVELOPMENT AGREEMENT contract is terminated *without cause* effective Tuesday, December 15th, 2009" (emphasis added). A true and correct copy of the September Termination Notice dated September 4, 2009 is attached as Exhibit "B."

25.     GEEP has since learned that on September 22, 2009, Horn moved GEEP's e-mail support (support@ebanserver.com) from a third party host to a server operated by a Canadian corporation controlled by Horn (Vanadac Corporation).

26.     On Friday, October 9, 2009, Horn turned in his employee identification badge to GEEP's Human Resources Department but never gave actual notice of resignation to GEEP. Horn never again reported to work at GEEP Texas after that date.

---

27.    By Notice of Deficiency dated October 12, 2009, Horn claimed that Techway had misreported compensation and failed to furnish correct royalty reports: "Darik Horn therefore and hereby requests that reviewed and accurate royalty reports for all quarters of 2007, 2008, and 2009 be furnished by Techway Services, Inc . . . a failure to provide royalty reports is a material breach of contract." *See* a true and correct copy of the Notice of Deficiency attached as Exhibit "C." Horn had previously told Techway that he did *not* want to receive royalty reports (which had been prepared and were available to him).

28.    On October 23, 2009, Horn asked to be removed from payroll, which was effective October 30, 2009.

29.    By Notice of Termination dated November 16, 2009 ("November Termination Notice"), Horn advised Techway that he "therefore and hereby terminates the SOFTWARE DEVELOPMENT AGREEMENT with cause for the material breach of contract by Techway Services, Inc." A true and correct copy of the November Termination Notice is attached as Exhibit "D."

30.    On Friday, December 4, 2009, Horn e-mailed Tom Colvin and asked "[w]ho is reading ebansupport@geepglobal.com, and when did they ask you and/or customers to start using it?" Shortly thereafter, he sent the following e-mail:

| | |
|---|---|
| From: | Darik Horn [mailto:dajhorn@ebanserver.com] |
| Sent: | Friday, December 4, 2009 1:17 PM |
| To: | Eban Support – GEEP Global |
| Subject: | **EBAN press release for Monday December 7th 2009** |

Hi,

What do you think about this press release?  I will put it out
Monday.

Call me to discuss.

GEEP employee Tom Colvin received and read the e-mail and responded to Horn "I cannot see

anything—was there an attachment to this?"  Horn responded "Don't worry about it, that email

wasn't intended for you."  A true and correct copy of excerpts from the December 4, 2009 "press

release" e-mail thread is attached as Exhibit "E."

31.    On Saturday, December 5, 2009, Horn e-mailed Colvin as follows:  "Diverting

communication is a breach of trust, especially because I described to you why keeping things

contained was important.  I have therefore revoked your credentials on *my* systems" (emphasis

added).  A true and correct copy of the e-mail dated December 5, 2009 from Darik Horn to Tom

Colvin is attached as Exhibit "F."  The next day, Sunday, December 6, 2009, GEEP learned that

Horn had removed GEEP's access to the support@ebanserver.com e-mail account, and further

that he had blocked GEEP's ability to access its account with the customer relationship

management service known as SugarCRM.

32.    Also on Sunday, December 6, 2009, Techway e-mailed and mailed a letter to

Horn which demanded a return of the Source Code, Object Code and Documentation for the

Techway Version (trademarked and marketed as EBAN®) by December 11, 2009 and further

demanded that Horn cease and desist from any activity intended to interfere with the operations

of Techway or GEEP.   A true and correct copy of the December 6, 2009 demand letter from

Alexander M. Parker to Darik Horn is attached as Exhibit "G."

---

33.    By e-mail dated December 9, 2009, Horn responded to the demand letter as follows: "When I physically receive the letter, I will immediately get it to the appropriate advisor, and we will quickly respond." Horn's December 9, 2009 confirms that Horn is continuing to wrongfully use EBAN's domain name (dajhorn@ebanserver.com).

34.    By e-mail dated December 10, 2009, Techway's attorney Alexander Parker responded that "Techway and GEEP Texas cannot simply stand by and wait for you to get around to addressing this matter. They need immediate and unequivocal assurances that all of their materials will be returned on a date certain. If you are not willing to give such assurances, you will leave them with no option but to take prompt legal action." A true and correct copy of the e-mail thread between Alexander Parker and Darik Horn dated December 9-10, 2009 is attached as Exhibit "H."

35.    Horn's website www.dban.org contains reference to EBAN (and even indicates that EBAN is a trademark of Darik Horn rather than Techway) and invites e-mails to "GEEP" (although no e-mails are going to GEEP but are rather going to Horn). True and correct copies of excerpts from Horn's website are attached as Exhibit "I."

36.    As referenced above, GEEP does not have the source code for EBAN®, does not have control of the central EBAN® server and has been cut off from receiving communications directed to GEEP by its existing and prospective customers. Further, Horn has the capability and, upon information and belief, is representing himself as GEEP to request and receive customer audit reports (which are used to assess customer usage and establish fees for the customer's license renewals).

---

37.    Unless enjoined, Horn remains in a position to use GEEP's confidential information, to jeopardize GEEP's goodwill and to sabotage GEEP's very operations.

## COUNT I
### Breach of Contract

38.    Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

39.    All conditions precedent to Plaintiffs' right to bring this action have been performed.

40.    Under the Software Development Agreement, Horn granted an exclusive worldwide license for the use and sublicense of the Techway Version of DBAN (trademarked and marketed by Techway as "EBAN®") to Techway (which has been sublicensed to GEEP). Horn also agreed that he would not disclose or use any of Techway's trade secrets or confidential or proprietary information.

41.    Upon information and belief, Horn has breached these obligations under the Software Development Agreement.    Horn has misappropriated Plaintiffs' confidential information for personal benefit.

42.    These breaches have proximately caused and, unless enjoined, will continue to cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

43.    Plaintiffs seek injunctive relief as well as actual damages against Horn.

## COUNT II
### Misappropriation and Use of Trade Secrets

44.    Plaintiffs incorporates and reallege in full the preceding paragraphs of this Petition.

45.    Horn has acquired Plaintiffs' trade secrets and other confidential information and intends to use the information for his competitive benefit and to the detriment of Plaintiffs.

46.    As a result of Horn's misappropriation of Plaintiffs' trade secrets, Plaintiffs will be irreparably harmed and placed at significant competitive disadvantage for which there exists no adequate remedy at law.

47.    As a result of Horn's misappropriation and use of Plaintiffs' trade secrets, Plaintiffs seek injunctive relief as well as actual damages.

## COUNT III
### Breach of Fiduciary Duty/Breach of Duty of Loyalty

48.    Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

49.    As an employee of Plaintiffs (at different times), Horn was placed in a position of trust.

50.    By being placed in a position of trust, Horn had and owed a fiduciary duty to maintain in confidence all confidential and proprietary trade secret information of Plaintiffs, to perform various functions for the benefit of Plaintiffs and not his personal benefit, to refrain from encouraging employees to leave their employment and to protect Plaintiffs' customer goodwill. Horn owed and continues to owe a fiduciary responsibility and duty to Plaintiffs not to utilize confidential and proprietary trade secret information to Plaintiffs' actual or potential commercial disadvantage.

51.    Horn has breached and will continue to breach his fiduciary responsibility to Plaintiffs through the acts set forth above.

52.    The breach of fiduciary responsibilities and duties by Horn has been willful and intentional and has caused Plaintiffs irreparable harm, and unless enjoined, will continue to cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.  In addition, such interference has otherwise damaged Plaintiffs.

53.    As a result of Horn's wrongful conduct, Plaintiffs seek injunctive relief as well as actual damages against Horn.

## COUNT IV
### Unfair Competition

54.    Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

55.    Horn has misappropriated and wrongfully obtained trade secrets, confidential and proprietary information, and goodwill of Plaintiffs with the intent to use such information to his own commercial benefit.

56.    Use of such information and goodwill in competition with Plaintiffs is contrary to honest practices in commercial matters and constitutes unfair competition.

57.    The wrongful actions of Horn have also caused, and unless enjoined will continue to cause, Plaintiffs irreparable harm and injury for which there exists no adequate remedy at law.

58.    As a result of Horn's wrongful conduct, Plaintiffs seek injunctive relief as well as actual damages.

## COUNT V
### Conversion/Violation of Texas Theft Liability Act

59.    Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

60.    As more fully described above, Plaintiffs are the owners of certain trade secrets, proprietary and confidential client information pertaining to the operation of Plaintiffs' business operations and goodwill.  Horn has knowingly or intentionally, with malice, and without authorization by Plaintiffs, assumed dominion and control over Plaintiffs' respective property and exercised the right of ownership of Plaintiffs' trade secrets, and confidential and proprietary information causing the alteration of their confidentiality.

61.    Horn's conversion of Plaintiffs' trade secrets, confidential and proprietary information constitutes an unlawful appropriation in violation of Tex. Civ. Prac. Rem. Code §134.001, *et seq.*

62.    Horn's conversion of Plaintiffs' trade secrets, confidential and proprietary information has caused and, unless enjoined, will continue to cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.  In addition, such conversion has otherwise damaged Plaintiffs.

63.    As a result of Horn's wrongful conduct, Plaintiffs seek injunctive relief as well as actual damages.

## COUNT VI
### Tortious Interference With Existing And Prospective Contracts

64.    Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

65.    Horn has intentionally interfered with Plaintiffs' relationships with their existing and prospective clients.

66.    Horn's tortious interference with Plaintiffs' existing and prospective contracts has caused, and unless enjoined, will continue to cause Plaintiffs irreparable harm for which there

exists no adequate remedy at law.  In addition, such tortious interference with Plaintiffs' customer contracts has otherwise damaged Plaintiffs.

**COUNT VII**
**Injury To Business Reputation And Trademark Dilution Under Texas Law**

67.     Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

68.     Horn's use of the EBAN® mark is likely to injure Plaintiffs' business reputations and/or dilute the distinctive quality of the mark in violation of Tex. Bus. & Com. Code § 16.29.

69.     By his actions, Horn has gained and stands to gain additional financial benefit and caused financial loss and other damage to Plaintiffs.

70.     By his actions, Horn has caused and will continue to cause Plaintiffs irreparable injury for which Plaintiffs have no adequate remedy at law.

**COUNT VIII**
**Trademark Infringement Under Texas Common Law**

71.     Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

72.     Horns' actions, as described herein, constitute trademark infringement in violation of Texas common law.  Horn's trademark infringement of EBAN®, unless enjoined, will continue to cause Plaintiffs irreparable harm for which there exists no adequate remedy at law. In addition, such trademark infringement has otherwise damaged Plaintiffs.

**COUNT IX**
**Request for Declaratory Judgment**

73.     Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

74.    An actual and immediate controversy exists between the parties in connection with Plaintiffs' exclusive license for use of the Techway Version (marketed as EBAN®) and rights to the unlocked, decompiled Source Code, Object Code and Documentation.

75.    Plaintiffs seek a declaration from this Court that Plaintiffs have an exclusive worldwide right and license to use, execute, reproduce and/or distribute copies of the Techway Version (EBAN®) developed by Horn, including the derivative works of the Techway Version and any DBAN modifications incorporated as part of the Techway Version.  Plaintiffs further seek a declaration that Defendant is wrongfully possessing and withholding from Plaintiffs the unlocked, decompiled Source Code, Object Code and Documentation for EBAN® and that Plaintiffs are entitled to immediate delivery of same.  Plaintiffs further seek a declaration that Defendant is wrongfully using the EBAN® mark in his e-mail address, domain name (including IP address) and other communications.

76.    A declaration by this Court as outlined above would resolve all or a complete part of the controversy between the parties, prevent continued disruption of Plaintiffs' businesses and would forever determine the parties' rights for the actions taken with respect to the Software Development Agreement that is the subject of this litigation, and be in the interests of justice.

## COUNT X
### Application for Injunctive Relief

77.    Plaintiffs incorporate and reallege in full the preceding paragraphs of this Petition.

78.    As a result of the conduct herein described, Plaintiffs request a Temporary Restraining Order to immediately enjoin and restrain Horn from using or disclosing any trade secrets or confidential information of Plaintiffs, from interfering with Plaintiffs' existing and

prospective contracts, from infringing on the EBAN® trademark and/or otherwise misleading the public regarding Plaintiffs and from disparaging Plaintiffs. Plaintiffs further request a Temporary Restraining Order that requires Horn to return the unlocked, decompiled EBAN® Source Code, Object Code and Documentation to Plaintiffs, that requires Horn to allow inspection of his computer for purposes of gathering and responding to any customer communications and further information gathering and that requires Horn to transfer GEEP's customer support e-mail and telephone line to GEEP.

79.    Unless enjoined, Horn will be in a position to use and will probably use and disclose Plaintiffs' confidential information and trade secrets to Plaintiffs' immediate and irreparable harm.

80.    If a temporary restraining order is not immediately issued by this Court, Plaintiffs will be without an adequate remedy at law and will suffer immediate and irreparable harm given the fact that Plaintiffs cannot operate their business without the requested injunctive relief. Plaintiffs will jeopardize their customer goodwill and will be put at a significant competitive disadvantage. As a result, Plaintiffs have no adequate remedy at law; their only remedy is to prevent the disclosure of their confidential information and trade secrets to any person or entity outside of Plaintiffs and to obtain the return of their property so that they can operate their businesses. Plaintiffs will likely prevail on the merits of this case and receive judgment for equitable relief. Finally, the potential damage to Plaintiffs if the injunctive relief requested herein is not granted far outweighs any harm that Horn will suffer as a result of the relief

requested herein. Plaintiffs, therefore, are entitled to the requested temporary restraining order and, upon notice and a hearing, to a temporary injunction further enjoining Horn.

81.    Plaintiffs seek injunctive relief, including a temporary restraining order, a temporary injunction and a permanent injunction issued against Horn (or any person and/or entities in active concert or participation with him), decreeing as follows:

a.    that Horn be restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any hardware or software, books, records, or documents in his possession or control (or the possession or control of his agents, attorneys, partners, servants, representatives or any other person(s) acting or purporting to act on his behalf) related to Plaintiffs, EBAN® and/or any of the claims raised by virtue of this litigation so that an appropriate third party may preserve a copy of all computer data and make another copy for Plaintiffs' use;

b.    that Horn be restrained from using or disclosing any trade secrets or confidential information of Plaintiffs and be ordered to deliver all confidential and proprietary information, including any and all of Plaintiffs' customer information (such as customer e-mails and reports), to Plaintiffs within 2 days of the date of the entry of a temporary restraining order, specifically including the unlocked, decompiled Source Code, Object Code and Documentation for EBAN®, and that Horn be restrained from using or disclosing the Source Code, Object Code and Documentation for EBAN® except as ordered herein and that Horn be ordered to immediately allow access to same for an appropriate third party to preserve and copy;

c.    that an appropriate third party be immediately allowed to inspect the personal computers/servers maintained by Horn, wherever situated, whether they are in the possession or control of Horn or of others, and to copy said computers/servers and any related electronic data or records;

d.  that Horn be restrained from engaging in any acts or activities directly or indirectly calculated to trade upon the EBAN® trademark, Plaintiffs' reputation or goodwill, including the distribution or publication of any materials that bear EBAN's trademark or that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Horn or to EBAN® or Plaintiffs;

e.  that Horn be restrained from hereinafter utilizing the e-mail address support@ebanserver.com, the domain name ebanserver.com (and the IP address) and/or the telephone number associated with GEEP's technical support (+1-866-969-3226 (866-WOW-EBAN) and that Horn assign any rights or access to both the e-mail address, domain name (including the IP address) and the number to GEEP within 2 days of the date of the entry of a temporary restraining order; and

f.  that Horn be restrained from making disparaging remarks regarding Plaintiffs, EBAN® and/or EBAN's capabilities and further restrained from making any public statements or issuing any press releases regarding EBAN®, Plaintiffs and/or Plaintiffs' former affiliation with Plaintiffs.

### Attorneys' Fees

82.  As a result of Horn's actions described above, Plaintiffs retained counsel to prosecute these claims.  Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and costs incurred in the prosecution of this lawsuit pursuant to TEX. CIV. PRAC. REM. CODE §37.009, §38.001(8) and §134.005(b).

### Punitive Damages

83.  The intentional, fraudulent and unjustified tortious actions of Horn described above were undertaken with malice, in disregard of the rights of Plaintiffs and with the intent to injure Plaintiffs and the conscious desire to profit at the expense and detriment of Plaintiffs.  To

punish such actions and to deter others from similar wrongdoing, Horn should be assessed punitive damages in an amount to be determined by the trier of fact.

### Demand for Jury Trial

84.    Plaintiffs hereby demand a trial by jury upon all issues raised in this Petition.

### Prayer for Relief

Plaintiffs pray for judgment against Horn as follows:

a.    That the Court enter a Temporary Restraining Order as requested herein;

b.    That Horn be cited to appear at a hearing and show cause why a Temporary Injunction should not be issued according to the terms requested herein;

c.    That the Court, upon hearing, enter a temporary injunction, thereafter to be made permanent, enjoining Horn as requested herein;

d.    That the Court grant the declaratory relief requested herein;

e.    That Plaintiffs have judgment against Horn for actual damages;

f.    That Plaintiffs have judgment against Horn for exemplary damages;

g.    That Plaintiffs have judgment against Horn for Plaintiffs' attorneys' fees, costs of court and prejudgment and postjudgment interest as allowed by law; and

h.    That Plaintiffs recover such additional relief, at law or in equity, as may be just.

Respectfully submitted,

By: _____

Dawn Estes
Texas Bar No. 14251350
destes@taberestes.com
Laurie Martin
Texas Bar No. 24002442
lmartin@taberestes.com
TABER ESTES THORNE & CARR
3500 Maple Avenue, Suite 1340
Dallas, Texas 75219
Telephone: (214) 526-2107
Telecopier: (214) 526-2128


ATTORNEYS FOR PLAINTIFF
GEEP Texas LLC


By: _____

Matthew K. Davis
Texas Bar No. 05526000
mdavis@jonesdavis-law.com
Alexander M. Parker
Texas Bar No. 00707203
aparker@jonesdavis-law.com
JONES & DAVIS LLP
15851 Dallas Parkway, Suite 1220
Dallas, Texas 75001
Telephone: (972) 733-3117
Telecopier: (972) 733-3119


ATTORNEYS FOR PLAINTIFF
TECHWAY SERVICES, INC.

# VERIFICATION

STATE OF TEXAS                                   §
                                                 §
COUNTY OF TARANT                                 §

BEFORE ME, the undersigned officer, on this day personally appeared Rick Lewis, who

being by me first duly sworn on oath, states that he is the corporate representative of Techway

Services, Inc. and as such is in all respects duly qualified to make this verification; that he has

read the foregoing Plaintiffs' Original Verified Petition For Temporary Restraining Order and

Injunctive Relief, and that statements contained in paragraphs 13-18, 20, 24, 27, 29 and 32-34

are within his personal knowledge, and the same are true and correct.



_____
Rick Lewis
Senior Vice President

SWORN TO AND SUBSCRIBED TO on this _14_ day of December 2009, to certify
which witness my hand and seal of office.

```
JOHN T. HOLLIDAY
My Commission Expires
January 31, 2012
```

_____
Notary Public in and for
the State of Texas

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF TARRANT                       §

BEFORE ME, the undersigned officer, on this day personally appeared John Krakowiak, who being by me first duly sworn on oath, states that he is the corporate representative of GEEP Texas LLC and as such is in all respects duly qualified to make this verification; that he has read the foregoing Plaintiffs' Original Verified Petition For Temporary Restraining Order and Injunctive Relief, and that statements contained in paragraphs 13, 19-26, 28, 30-31 and 35-37 are within his personal knowledge, and the same are true and correct.

John Krakowiak
General Manager

SWORN TO AND SUBSCRIBED TO on this ___14___ day of December 2009, to certify which witness my hand and seal of office.

EDMUND L. McDONALD
Notary Public, State of Texas
My Commission Exp. 02-27-2013

Notary Public in and for
the State of Texas

## CERTIFICATION

I certify that to the best of my knowledge the party against whom relief is sought ex parte is not represented by counsel in the matter made the basis of the relief sought. I certify that the party against whom relief is sought was sent, via email, a copy of the documents filed with the Court.

_____
Dawn Estes

# SOFTWARE DEVELOPMENT AGREEMENT

This **SOFTWARE DEVELOPMENT AGREEMENT** (the "Agreement") is entered into this _9_ day of _November_, 2005 ("Effective Date"), by and between **Techway Services, Inc.**, a Texas corporation (hereinafter referred to as "Techway") and **Darik Horn**, an individual (hereinafter referred to as "Developer"):

## PREMISES:

WHEREAS, Developer is in the business of developing custom software applications;

WHEREAS, Techway has retained Developer to develop a proprietary version (hereinafter further defined as the "Techway Version") of an open source software application originally written by Developer known as "Darik's Boot and Nuke," for use in connection with Techway's proprietary computer data destruction process;

WHEREAS, Developer desires to grant to Techway a license for use of the Techway Version on the terms and conditions set forth herein; and

WHEREAS, Developer acknowledges and agrees that the Techway Version was created for Techway on an independent contractor basis.

## AGREEMENT:

NOW, **THEREFORE**, in consideration of the foregoing premises, the mutual covenants, promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged and confirmed, the parties hereby agree as follows:

1. **DEFINITIONS.** When used in this Agreement, the capitalized terms listed below shall have the following meanings:

    (a)    Code shall mean computer programming code. If not otherwise specified, Code shall include both Object Code and Source Code.

        (1)    Object Code shall mean the machine readable form of the Code.

        (2)    Source Code shall mean the human readable form of the Code and related system documentation, including all comments and any procedural code such as job control language.

    (b)    DBAN shall mean the "Darik's Boot and Nuke" software created by Developer and released to the public under the GNU General Public License.

(c)    Deliverables shall mean all Code, Documentation and other materials developed for or delivered to Techway by Developer under this Agreement.

(d)    Derivative Work shall mean a work which is based upon one or more preexisting works, such as a revision, modification, translation, abridgement, condensation, expansion, or any other form in which such preexisting works may be recast, transformed, or adapted, and which, if prepared without authorization of the owner of the copyright in such preexisting work, would constitute a copyright infringement. For purposes hereof, a Derivative Work shall also include any compilation that incorporates such a preexisting work.

(e)    Documentation shall mean user manuals and other written materials that relate to particular Code, including materials useful for design (for example, logic manuals, flow charts, and principles of operation).

(f)    Services. Services means the services performed by Developer for Techway under a SOW.

(g)    SOW. SOW means a statement of work executed by Developer and Techway that references this Agreement and specifies the Deliverables and Services for a particular project.

(h)    Techway Version shall mean a combination of DBAN and Code and Documentation prepared by Developer under this Agreement.

2.    SERVICES; OWNERSHIP AND RIGHTS.

(a)    Services.  Developer shall provide the Services to Techway, and Techway shall pay Developer for such Services, at the rates and on the terms and conditions set forth in this Agreement and the applicable SOW.

(b)    Exclusive Commercial License. With the exception of (i) any preexisting works incorporated in the Techway Version and (ii) modifications to DBAN that Developer creates as part of the Services and which Developer intends to distribute to third parties as modifications to DBAN and which are identified as such in a SOW ("DBAN Modifications"), Developer hereby grants to Techway an exclusive worldwide right and license to use, execute, reproduce (in any medium including firmware), prepare Derivative Works of, and/or distribute under sublicense copies of the Techway Version. Such license includes the right of Techway to grant licenses of or within the scope of the right and the license granted Techway herein, to its own subsidiaries, and each such sublicensee may have the corresponding right to grant sublicenses to others.

(c)    Developer Preexisting Works. In the event that the Techway Version incorporates any preexisting works owned by Developer, such as DBAN, or DBAN Modifications, Developer hereby grants Techway a nonexclusive worldwide right and license to use, execute, reproduce (in any medium including firmware), prepare Derivative Works of, and

JUN 08,2007 01:04P QUETTA                    4696713998                                   page 3

or distribute under sublicense copies of such preexisting works and DBAN Modifications as part of the Techway Version.

      (d)    <u>Third Party Preexisting Works</u>. In the event that the Techway Version will incorporate any third party preexisting work, Developer shall give Techway prior written notice of the preexisting work before its inclusion in the Techway Version including a description of: (1) the nature of such preexisting work, (2) its owner, (3) any restrictions or royalty terms applicable to Developer's use of such preexisting work or Techway's exploitation of the Techway Version as a Derivative Work thereof, and (4) the source of Developer's authority to employ the preexisting work in the preparation of the Techway Version. Developer will not incorporate any such preexisting work in the Techway Version without Techway's prior written consent. Techway will be solely responsible for obtaining any rights it deems necessary in the preexisting works. All third party preexisting works included with any Deliverables already provided to Techway are identified on Schedule 2(d), attached hereto and incorporated herein by reference, and Techway consents to the inclusion of such preexisting works in the Techway Version.

      (e)    <u>Inseparability Acknowledgment</u>. Techway acknowledges that certain portions of the Techway Version may not be separable from the associated preexisting work and, as a result, may be subject to the license that applies to such preexisting work, such as the GNU General Public License.

      (f)    <u>Patent License</u>. In addition, Developer hereby grants to Techway, its successors and assigns, the royalty free, worldwide, nonexclusive right and license under any patents owned by Developer, or with respect to which Developer has a right to grant such rights and licenses, to the extent required by Techway to exploit the Techway Version and exercise its full rights in the Techway Version, including (without limitation) the right to make, use and sell products and services based on or incorporating such Techway Version.

    3.    <u>COMPENSATION</u>.

      (a)    <u>Time and Materials Charges</u>. Techway shall pay Developer's standard rate for the Services on a time and materials basis. Techway shall pay each invoice for Services within thirty (30) days of receipt of invoice. As of the Effective Date, Developer's standard rate is $50.00 per hour. Developer may increase his rate effective upon notification to Techway; provided that any such increase will not apply to outstanding SOWs for a period of thirty (30) days from the notice date.

      (b)    <u>Royalty</u>. As compensation for the rights granted and assigned hereunder, and in addition to the time and materials charges, Developer shall be entitled to receive a royalty payment equal to Two and One-Half percent (2.5%) of Net Sales of Techway (or any affiliate of Techway) from the use or other exploitation of the Techway Version or any portion thereof. For purposes of this Agreement, "Net Sales" shall mean gross revenues received less all customary discounts and credits actually given.

      (c)    <u>Royalty Reports</u>. Techway shall furnish to Developer a royalty report, accompanied by a check, payable in US currency, in payment of the royalty due for the calendar quarter covered by said report, not later than forty-five (45) days after the end of each calendar

quarter (i.e., May 15, August 15, November 15, and February 15), for all sales revenue received by it (or any of its affiliates) through use or other exploitation of the Techway Version or any portion thereof during said calendar quarter.

    (d)   <u>Late Payments</u>.  Any amount payable to Developer under this Agreement and not paid within 30 days after receipt of invoice, for time and materials rates, or by the due date, for royalties, will bear interest at a rate equal to the lower of 1½% per month, or the highest rate permitted by law.

    (e)   <u>Taxes</u>.  In addition to amounts otherwise payable under this Agreement, Techway will be responsible for, and shall pay, all taxes arising out of this Agreement, excluding Developer's income taxes.

    4.   <u>AVOIDANCE OF INFRINGEMENT</u>.  If Developer becomes aware in the course of performing Services hereunder that the Deliverables may infringe one or more patents or other intellectual property rights of any third party, Developer shall immediately notify Techway in writing.

    5.   <u>CONFIDENTIALITY, NON-DISCLOSURE</u>.

    (a)   <u>Confidential Information</u>.  Developer recognizes and acknowledges that his position with Techway will require that he be exposed to and learn certain trade or business secrets, processes, methods, technical data, trade secrets or know-how, including, but not limited to Techway research, product plans, products, services, customer lists and customers, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances (both singularly and collectively referred to as the "Confidential Information").  For purposes of this Agreement, the term "Confidential Information" shall include any information regardless of form (e.g., written, oral, electromagnetic, digital, or otherwise (including, without limitation, e-mail)) either marked as confidential by Techway or of a type Developer should reasonably believe to be confidential.  Confidential Information does not include any information which: (i) is in the public domain without the fault of the Developer; (ii) is known to Developer prior to his receipt of such information from Techway, as evidenced by written records of Developer; or (iii) is hereafter disclosed to Developer by a third party not under an obligation of confidence to Techway.

    (b)   <u>Use of Confidential Information</u>.  Developer agrees that he shall not, at any time, except in connection with and in furtherance of the purposes of Techway, make use of or divulge to any other person, firm or corporation any item of or comprising the Confidential Information.  Developer agrees not to remove from the premises of Techway, except as required for the proper discharge of his responsibilities under this Agreement, any document or other object containing or reflecting any such Confidential Information.

    (c)   <u>Return of Materials</u>.  Upon request by Techway, Developer: (i) shall promptly deliver to Techway each and every such item of or comprising the Confidential Information whether or not made or held by Developer and that is in Developer's possession, custody or control; and (ii) shall not retain any copy or summary of any item of or comprising the Confidential Information.  As part of such obligations, Techway may, at its election, require

Developer, and Developer agrees to, execute a written certification that all such Confidential Information and other property of Techway have been, to the best of his knowledge, returned to Techway.

6.    REPRESENTATIONS AND WARRANTIES; DISCLAIMERS.  Developer makes the following representations and warranties for the benefit of Techway, as a present and ongoing affirmation of facts in existence at all times when this Agreement is in effect:

(a)    No Conflict.  Developer represents and warrants that it is under no obligation or restriction, nor will it assume any such obligation or restriction, that does or would in any way interfere or conflict with, or that does or would present a conflict of interest concerning, the work to be performed by Developer under this Agreement.

(b)    Ownership Rights.  Developer represents and warrants (a) that, except as provided in Section 2(d) hereof with respect to certain identified preexisting works, he is and will be the sole author of all works employed by Developer in preparing any and all Deliverables, (b) that he has and will have full and sufficient right to assign or grant the rights and/or licenses granted in the Deliverables pursuant to this Agreement, and (c) that to Developer's knowledge, all Deliverables, excluding all preexisting works, do not infringe any patent, copyright, trademark or other intellectual property rights (including trade secrets), privacy or similar rights of any third party, nor has any claim (whether or not embodied in an action, past or present) of such infringement been threatened, asserted or pending against Developer.

(c)    Conformity, Performance and Compliance.  Developer represents and warrants that all Deliverables shall be prepared in a workmanlike manner and with professional diligence and skill.

(d)    Warranty Disclaimer.  OTHER THAN AS EXPRESSLY PROVIDED IN THIS AGREEMENT, DEVELOPER DOES NOT MAKE ANY EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE DELIVERABLES OR ANY SERVICES. WITHOUT LIMITING THE FOREGOING, THE IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT ARE EXPRESSLY EXCLUDED AND DISCLAIMED.

(e)    Limitation of Liability.  IN NO EVENT WILL DEVELOPER BE LIABLE FOR ANY SPECIAL, INDIRECT, INCIDENTAL, SPECULATIVE, PUNITIVE OR CONSEQUENTIAL DAMAGES IN ANY WAY ARISING OUT OF OR RELATING TO THIS AGREEMENT OR RESULTING FROM THE USE OF OR INABILITY TO USE THE DELIVERABLES, INCLUDING, BUT NOT LIMITED TO, DAMAGES FOR LOSS OF PROFITS, DATA OR USE INCURRED BY TECHWAY, EVEN IF DEVELOPER HAS BEEN NOTIFIED OF THE POSSIBILITY OF SUCH DAMAGES.  IN NO EVENT WILL DEVELOPER'S CUMULATIVE LIABILITY FOR ANY DAMAGES TO TECHWAY, REGARDLESS OF THE FORM OF ACTION, WHETHER BASED ON CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, PRODUCTS LIABILITY OR OTHERWISE ARISING OUT OF OR RELATED TO THIS AGREEMENT EXCEED THE FEES ACTUALLY RECEIVED BY DEVELOPER UNDER THIS AGREEMENT.

7.    <u>TERM AND TERMINATION</u>.

(a)    <u>Term of Agreement</u>. This Agreement shall be effective upon the Effective Date, and shall remain in force for a period of five (5) years, unless otherwise terminated as provided herein. Thereafter, the term shall renew for successive terms of one (1) year unless otherwise terminated as provided herein.

(b)    <u>Termination of Agreement Without Cause</u>. Either party may terminate this Agreement upon not less than ninety (90) days' notice to the other party.

(c)    <u>Termination of Agreement With Cause</u>. Developer may terminate this Agreement for Techway's material breach, including Techway's failure to make timely payments hereunder, upon thirty (30) days prior written notice, provided Techway has not cured such breach prior to the end of such thirty (30) day period.

(d)    <u>Survival</u>. In the event of any termination of this Agreement, the license granted to Techway in <u>Section 2</u> (unless Developer has terminated this Agreement for Techway's material breach), its obligation to pay royalties in <u>Section 3</u>, the parties' mutual obligations in <u>Section 5</u>, and the limitation of liability in <u>Section 6(e)</u> shall continue in effect and shall inure to the benefit of and be binding upon the parties and their legal representatives, heirs, successors and assigns for the remaining term of the copyright in the Techway Version.

8.    <u>EXHIBITS</u>. All exhibits to this Agreement, if any, shall bear the initials of each party hereto, and when so initialed, shall be conclusively deemed to be an Exhibit hereto, whether or not physically attached to this Agreement.

9.    <u>ENTIRE AGREEMENT</u>. This Agreement contains the entire understanding between the parties hereto concerning the subject matter contained herein. There are no representations, agreements, arrangements, or understandings, oral or written, between or among the parties hereto, relating to the subject matter of this Agreement, which are not fully expressed herein.

10.    <u>FURTHER ACTS</u>. Each party hereto agrees to perform any and all such further and additional acts and execute and deliver any and all such further and additional instruments and documents as may be reasonably necessary in order to carry out the provisions and effectuate the intent of this Agreement.

11.    <u>MODIFICATION</u>. Any modification of this Agreement shall be in writing and executed by all parties.

12.    <u>AUTHORITY</u>. Each party hereto represents and warrants that it has full authority to execute the Agreement and bind to the Agreement its respective partners, trustees, beneficiaries, remaindermen, directors, officers, successors, assigns and personal representatives.

13.    <u>SEVERABILITY</u>. If any provision hereof is held to be illegal, invalid, or unenforceable under present or future laws effective during the term hereof, such provisions shall be duly severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part hereof; and the remaining provisions hereof

shall remain in full force and effect and shall not be affected by the severance of the illegal, invalid, or unenforceable provision or provisions.

14. **GOVERNING LAW AND VENUE.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. The terms of this Agreement shall be specifically performable in Denton County, Texas and any litigation shall be commenced by either party, if at all, only in an appropriate forum in Denton County, Texas.

15. **BREACH.** Should any party breach any part of this Agreement, and litigation ensue, the parties agree that the prevailing party shall be entitled to its reasonable attorneys' fees and costs in prosecuting or defending its claims.

16. **NOTICES.** Any notice or other communication required or permitted to be given hereto shall be in writing, and shall be deemed to have been given and received if placed in the United States mail, certified, postage prepaid, delivery confirmation requested, addressed to such party as follows:

(a)    Developer:    Darik Hom
10 Hidden Court
Brantford, Ontario N3R 6P4

(b)    Techway:    4051 Highway 121
Suite 400
Grapevine, Texas 76051

17. **BENEFIT.** Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors, assigns, legal representatives, heirs and legatees.

18. **PARAGRAPH HEADINGS.** All paragraph headings set forth in this Agreement are for purposes of identification and are intended for convenience only, and shall not control or affect the meaning, construction or effect of this Agreement or any provision hereof.

19. **COUNTERPART EXECUTION.** This Agreement may be executed in multiple counterparts, each of which shall be fully effective as an original, for which together shall constitute only one (1) instrument.

IN WITNESS WHEREOF, the parties hereunto set their hands and seals as of the date
above first stated.

Techway:

TECHWAY SERVICES, INC.,
a Texas corporation

By: _____

Printed Name: ___Cathi Coan___

Title: ___President___

Developer:

By: _____

Printed Name:  Darik Horn

## ACKNOWLEDGMENTS

STATE OF ~~TEXAS~~ *ILLINOIS*        §
COUNTY OF Cook                       §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared _Cathi____, _Soan_____ of Techway Services, Inc., a Texas corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _9th_ day of _November_ 2005.

```
"OFFICIAL SEAL"
JANICE MILLS
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2009
```

NOTARY PUBLIC, STATE OF ~~TEXAS~~ *ILLINOIS*
Printed Name: JANICE MILLS
My Commission Expires: 02-16-09

STATE OF ~~TEXAS~~ *ILLINOIS*        §
COUNTY OF Cook                       §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared **Darik Horn**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _9th_ day of _November_ 2005.

```
"OFFICIAL SEAL"
JANICE MILLS
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2009
```

NOTARY PUBLIC, ~~PROVINCE OF ONTARIO~~ STATE OF ILL
Printed Name: JANICE MILLS
My Commission Expires: 02-16-2007

Darik Horn
10 Hidden Court
Brantford, Ontario N3R 6P4

Friday September 4th 2009.

Techway, Inc.
2501 N Great Southwestern Parkway
Grand Prairie, Texas 75050

CC

Techway, Inc.
4051 N State Highway 121
Grapevine, Texas 76051

Attention: Cathi Coan, President

<u>NOTICE OF TERMINATION OF CONTRACT</u>

     In accordance with the right of Darik Horn to terminate the SOFTWARE DEVELOPMENT AGREEMENT contract dated November 9th 2005 between Darik Horn and Techway, Inc.

Darik Horn hereby notifies Techway, Inc. that the SOFTWARE DEVELOPMENT AGREEMENT contract is terminated without cause effective Tuesday December 15th, 2009.

Darik Horn reserves all rights. The non-exercise of a right is not a waiver of that right.

_____
Darik Horn

2009 | SEP | 04
_____
Date

<u>ACKNOWLEDGEMENT</u>

This instrument was acknowledged before me by Darik Horn.

_____
Notary Public

9/4/09
_____
Date

MICHELLE LYNCH
Notary Public
STATE OF TEXAS
Commission Expires 08/06/11

Darik Horn
10 Hidden Court
Brantford, Ontario N3R 6P4

Monday October 12th 2009

Techway Services, Inc.
2501 N Great Southwest Parkway
Grand Prairie, Texas 75050-6429

Attention: Cathi Coan, President

## NOTICE OF DEFICIENCY

A review of Darik Horn's accounts indicates that Techway Services, Inc. misreported compensation for the SOFTWARE DEVELOPMENT AGREEMENT. Compensation received by Darik Horn mismatches compensation reported by Techway Services, Inc. to the Internal Revenue Service of the United States.

Furthermore, royalty reports were not furnished, or correct royalty reports were not furnished, to Darik Horn by Techway Services, Inc.

Darik Horn therefore and hereby requests that reviewed and accurate royalty reports for all quarters of 2007, 2008, and 2009 be furnished by Techway Services, Inc. according to the SOFTWARE DEVELOPMENT AGREEMENT. A failure to provide royalty reports is a material breach of contract.

Within 30 days of receipt of this notice, please send royalty reports to my address for notices and communication at:

Darik Horn
10 Hidden Court
Brantford, Ontario N3R 6P4

Alternatively, for convenience, my agent can receive certified mail on my behalf at:

Darik Horn
PO Box 660675 PMB 11493
Dallas, TX 75266-0675

_____
Darik Horn

2009/OCT/12
Date

## ACKNOWLEDGEMENT

This instrument was acknowledged before me by Darik Horn.

ASHLEY ANTHONY
Notary Public
STATE OF TEXAS
Commission Expires 01/31/2012

_____
Notary Public

10·12·09
Date

Darik Horn
10 Hidden Court
Brantford, Ontario N3R 6P4

Monday November 16th 2009

Techway Services, Inc.
2501 N Great Southwest Parkway
Grand Prairie, Texas 75050-6429

Attention: Cathi Coan, President

## NOTICE OF TERMINATION

Techway Services, Inc. received from Darik Horn a NOTICE OF DEFICIENCY indicating a material breach of the SOFTWARE DEVELOPMENT AGREEMENT. This NOTICE OF DEFICIENCY was delivered by United States mail, certified, postage prepaid, delivery confirmed October 14th 2009.

Techway Services, Inc. did not respond to the NOTICE OF DEFICIENCY before November 14th 2009. Techway Services, Inc. did not cure the breach of the SOFTWARE DEVELOPMENT AGREEMENT before November 14th 2009.

Darik Horn therefore and hereby terminates the SOFTWARE DEVELOPMENT AGREEMENT with cause for the material breach of contract by Techway Services, Inc.


_____          2009/nov/16
Darik Horn                                Date


## ACKNOWLEDGEMENT

This instrument was acknowledged before me by Darik Horn.


_____          11/16/09
Notary Public                            Date


MICHELLE LYNCH
Notary Public
STATE OF TEXAS
Commission Expires 08/08/11

REDACTED

> I cannot see anything - was there an attachment to this?


Don't worry about it, that email wasn't intended for you.


From: Darik Horn [mailto:dajhorn@ebanserver.com]
Sent: Friday, December 04, 2009 1:17 PM
To: Eban Support - GEEP Global
Subject: EBAN press release for Monday December 7th 2009


Hi,

What do you think about this press release?  I will put it out on Monday.


Call me to discuss.


-------------------------------------------------------------------------------

Subject:  BestBuy Phone Tag


From: Darik Horn [mailto:dajhorn@ebanserver.com]
Sent: Friday, December 04, 2009 1:43 PM
To: Tom at EBAN
Subject: Re: BestBuy telephone tag


> The ebansupport@geepglobal.com was setup last week and I was asked

> to copy

> any support items that went out to it as well as the
> support@ebanserver.com

> like I have always done.


Please tell the person that gave you this order to call me by

telephone ASAP.


+1-469-288-9443

2

From: Darik Horn [mailto:dajhorn@ebanserver.com]
Sent: Friday, December 04, 2009 12:34 PM
To: Tom at EBAN
Subject: Re: BestBuy telephone tag


> Can take a look at his message and my response - both were copied

> back to

> the support@ebanserver.com mailbox.


Who is reading ebansupport@geepglobal.com, and when did they ask you

and/or customers to start using it?


A similar annoyance is that somebody is scraping the Sugar information

through GoC.

----------------------------------------
From: Tom at EBAN [mailto:tcolvin@ebanserver.com]
Sent: Friday, December 04, 2009 11:56 AM
To: 'Darik Horn'
Subject: RE: BestBuy telephone tag


I just sent a reply to their message about 60% error rate on targets.

Referenced back to ticket they opened last April - same issues and they

never replied after my initial response.

They contacted Rick about expiration of license - I replied on that

yesterday.

Now they are back to having issues with Sony and Acer target machines

(although they did not specify those as targets this time).

Can take a look at his message and my response - both were copied back to

the support@ebanserver.com mailbox.


Thanks -- Tom C

3

-----Original Message-----

From: Darik Horn [mailto:dajhorn@ebanserver.com]

Sent: Friday, December 04, 2009 11:44 AM

To: Tom Colvin

Subject: BestBuy telephone tag


I'm getting voice chatter regarding BestBuy...


Why are they upset and working the telephone?


Have you already replied or forwarded the support inquiry from Joshua

York? -- Where did it go?

CONFIDENTIALITY NOTE: The information in this e-mail may be private, confidential and privileged by the Law and, is solely for the use of the addressee. If you are not this addressee or the person responsible for delivering to the addressee, be advised that dissemination, archiving or copying of this communication is strictly prohibited. Please advise us of this error.

AVIS DE CONFIDENTIALITÉ : L'information contenue dans ce message peut être privilégiée, confidentielle ou protégée par la Loi et, est réservée uniquement au destinataire désigné. Si vous n'êtes pas ce destinataire ou le responsable de la livraison de ce message au destinataire, soyez avisé que sa diffusion, son archivage ou toute copie est strictement interdit. SVP, nous aviser de cette erreur.

Confidentiality Notice: This e-mail message and any attachments are intended solely for the individual or individuals designated above. It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not the intended recipient, you are not authorized to read, copy, retain or distribute this message. If you receive this message in error, please notify the sender by reply e-mail and delete this message. The sender does not waive any privilege or right of privacy or confidentiality that may attach to this communication. Thank you.

IRS CIRCULAR 230 NOTICE: To comply with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachment) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (including any attachment).

REDACTED

-----Original Message-----
From: Darik Horn [mailto:dajhorn@ebanserver.com]
Sent: Saturday, December 05, 2009 5:42 PM
To: Tom Colvin - GEEP Texas
Cc: Tom Fellows - GEEP Global
Subject: Re: BestBuy telephone tag

REDACTED

Diverting communication is a breach of trust, especially because I

described to you why keeping things contained was important.


I have therefore revoked your credentials on my systems.


--

Darik Horn <dajhorn@ebanserver.com> +1-866-969-3226 x6402


CONFIDENTIALITY NOTE: The information in this e-mail may be private, confidential and
privileged by the Law and, is solely for the use of the addressee. If you are not this
addressee or the person responsible for delivering to the addressee, be advised that
dissemination, archiving or copying of this communication is strictly prohibited. Please
advise us of this error.

AVIS DE CONFIDENTIALITÉ : L'information contenue dans ce message peut être privilégiée,
confidentielle ou protégée par la Loi et, est réservée uniquement au destinataire désigné. Si
vous n'êtes pas ce destinataire ou le responsable de la livraison de ce message au
destinataire, soyez avisé que sa diffusion, son archivage ou toute copie est strictement
interdit. SVP, nous aviser de cette erreur.
Confidentiality Notice:  This e-mail message and any attachments are intended solely
for the individual or individuals designated above.  It may contain confidential or
proprietary information and may be subject to the attorney-client privilege or other
confidentiality protections.  If you are not the intended recipient, you are not
authorized to read, copy, retain or distribute this message.  If you receive this
message in error, please notify the sender by reply e-mail and delete this message.
The sender does not waive any privilege or right of privacy or confidentiality that
may attach to this communication.  Thank you.

IRS CIRCULAR 230 NOTICE: To comply with requirements imposed by the IRS, we inform

you that any tax advice contained in this communication (including any attachment) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (including any attachment).

# JONES & DAVIS

**DALLAS | DENVER | LOS ANGELES**

JONES & DAVIS, L.L.P.,
A TEXAS LIMITED LIABILITY PARTNERSHIP
POST OFFICE BOX 795219
DALLAS, TEXAS 75379
972.733.3117
FAX 972.733.3119

Alexander M. Parker
972.341.1310
aparker@jonesdavis-law.com
Licensed in Texas and Colorado

December 6, 2009

*Via Certified Mail*
*and Email to* dajhorn@ebanserver.com

Mr. Darik Horn
PO Box 660675 PMB 11493
Dallas, TX 75266-0675

> RE:    *Termination of the Software Development Agreement dated November 9,*
> *2005 Between Darik Horn and Techway Services, Inc.*

Dear Mr. Horn:

As you are aware, the undersigned law firm represents Techway Services, Inc. ("Techway") in connection with the above referenced matter. Accordingly, please be advised that any further communication regarding this matter should be directed to the undersigned.

We have in our possession three documents:

(a)    "Notice of Termination of Contract" dated September 4, 2009 (the "Initial Termination Letter") in which you state your intent to terminate the Software Development Agreement dated November 9, 2005 (the "Agreement") between yourself and Techway "without cause" effective December 15, 2009;

(b)    "Notice of Deficiency" dated October 12, 2009 (the "Deficiency Letter") in which you requested royalty reports for the years 2007, 2008, and 2009; and

(c)    "Notice of Termination" dated November 16, 2009 (the "Final Termination Letter") in which you purport to terminate the Agreement citing a "material breach" by Techway.

Our response to the foregoing is as follows:

A.    <u>Effect of Termination Without Cause</u>

Techway acknowledges that by tendering the Initial Termination Letter, you exercised your right to terminate the Agreement "without cause" pursuant to Section 7(b) of the Agreement. In light of such termination, <u>Section 7(d)</u> of the Agreement clearly provides that

STREET ADDRESS: 15851 DALLAS PARKWAY, SUITE 1220, ADDISON, TEXAS 75001

Mr. Darik Horn
December 6, 2009
Page 2

Techway's exclusive commercial license to the Techway Version and its right to prepare Derivative Works based on that version survive the termination of the Agreement and continue for the remaining term of the copyright in the Techway Version.

B.     Alleged Material Breach

Pursuant to Section 7(c), you are only permitted to terminate the Agreement for Techway's material breach "upon thirty (30) days prior written notice, provided that Techway has not cured such breach prior to the end of such thirty (30) day period." In this case, the Notice of Deficiency only demanded that "royalty reports for all quarters of 2007, 2008, and 2009 be furnished by Techway Services, Inc." As requested, these reports were provided to you on Techway's behalf by its subsidiary / sublicensee, GEEP Texas, LLC. Thus, the statement in the Final Termination Notice that Techway "did not cure the breach" is simply inaccurate.

Even if the reports were not provided, however, that failure would not constitute a material breach of the Agreement. If you believed that the reports provided at the time of past royalty payments was inadequate or inaccurate, you should have objected then, not two years later. At a minimum, your delay demonstrates the immateriality of the reporting requirement, and excuses Techway's performance under the doctrines of waiver and laches.

Thus, you are hereby notified that Techway does not believe that a material breach has occurred or that your purported "Notice of Termination" is of any force or effect. Accordingly, Techway will continue to exercise its rights under the Agreement, and will take any and all legal action necessary to enforce them.

C.     Demand for Return of Source Code and Documentation

In light of the foregoing, Techway has a continuing right to use, execute, reproduce, and prepare derivative works of the Techway Version, which includes all Source Code, Object Code, and Documentation prepared by you pursuant to the Agreement.

Additionally, you should be aware that a significant portion of the work which you performed for Techway over the past 3 years has been in your capacity as an employee of Techway. Accordingly, Section 201 of the United States Copyright Act provides that Techway, as "the employer . . . is considered the author . . . and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." Since you are no longer an employee and have otherwise terminated your relationship with Techway, you have no further right to use, keep, or possess, copies of Techway's intellectual property.

Accordingly, demand is hereby made on you to immediately return to Techway complete copies of the Source Code, Object Code, and Documentation for the Techway Version, pursuant to Techway's rights under the Agreement and under the United States Copyright Act.

Mr. Darik Horn
December 6, 2009
Page 3

If Techway does not receive these materials by 5:00 pm CT on Friday, December 11, 2009, Techway will have no choice but to take further action to enforce its legal rights. This includes, without limitation, the filing a lawsuit against you to recover Techway's property and seek damages (including all of Techway's costs such as collection fees and attorneys' fees) and any other recovery to which Techway may be entitled to under applicable state and federal law.

D.     Continuing Rights and Obligations

Finally, you are hereby on notice that Techway, on behalf of itself and all of its subsidiaries, affiliates, and sublicensees, asserts its ongoing and continuous exclusive rights to the Techway Version, and its own derivative works as provided under the Agreement and applicable state and federal law. Accordingly, Techway demands that you cease and desist any and all activity that is intended to interfere with Techway's use and enjoyment of such rights. Furthermore, you should be aware that any public announcements or other communications by you to third parties will be closely monitored by Techway and its affiliates, and any wrongful, slanderous, or libelous statements will be met with immediate legal action.

I trust that this letter clearly communicates my client's position on this matter and its full resolve to undertake all measures to protect its rights, both under the Agreement and applicable federal and state law.

We look forward to your prompt compliance and a quick resolution to this matter.

Sincerely,

JONES & DAVIS, L.L.P.

By: _____
        Alexander M. Parker

CC:        Ms. Cathi Coan
             Techway Services, Inc.

             Ritchie Taylor, Esq.
             GEEP Texas, LLC

REDACTED

| | |
|---|---|
| **From:** | Alexander Parker [aparker@jonesdavis-law.com] |
| **Sent:** | Thursday, December 10, 2009 2:39 PM |
| **To:** | Darik Horn |
| **Cc:** | Cathi Coan; Ritchie Taylor; Dawn Estes; Tom Kilpatrick; Laurie Martin; Rick Lewis |
| **Subject:** | RE: Software Development Agreement with Techway Services, Inc. |

Darik --

Since you received my email, you have a copy of the letter.  You know what it says.  There is no reason that you need to wait for the hardcopy before you can respond.

Techway and GEEP Texas cannot simply stand by and wait for you to get around to addressing this matter.  They need immediate, unequivocal assurances that all of their materials will be returned on a date certain.  If you are not willing to give such assurances, you will leave them with no option but to take prompt legal action.

I will look forward to hearing from you soon.

Sincerely,

Alexander M. Parker
JONES & DAVIS
Dallas  |  Denver  |  Los Angeles
15851 Dallas Parkway
Suite 1220
Addison, TX  75001
(972) 733-3117
(972) 733-3119 (fax)
(972) 341-1310 (direct dial)
aparker@jonesdavis-law.com


-----Original Message-----
From: Darik Horn [mailto:dajhorn@ebanserver.com]
Sent: Wednesday, December 09, 2009 1:44 PM
To: Alexander Parker
Cc: Cathi Coan; Ritchie Taylor
Subject: Re: Software Development Agreement with Techway Services, Inc.

> Attached is a copy of a letter that I am mailing to you regarding your
> Software Development Agreement with Techway Services, Inc.

I received your weekend email, but I have not yet received hardcopy.


>    Your prompt attention is required.


When I physically receive the letter, I will immediately give it to the appropriate advisor, and we will quickly respond.

1

Note that it takes 3-6 business days for my agent to induct, catalog, and scan certified
mail.  If the letter was delivered to the Dallas office on Tuesday December 8th 2009, which
is likely if you mailed it on Monday, then I should have it in hand early next week.

Best regards,

--
Darik Horn <dajhorn@ebanserver.com> +1-866-969-3226 x6402

# Darik's Boot And Nuke

Download | Help | News | Contact | About DBAN | About EBAN
SourceForge Project Page · Development Status | Documentation

## About DBAN

Darik's Boot and Nuke ("DBAN") is a self-contained boot disk that securely wipes the
hard disks of most computers. DBAN will automatically and completely delete the
contents of any hard disk that it can detect, which makes it an appropriate utility for
bulk or emergency data destruction.

| Read more



*Boot And Nuke* is a registered trademark of Darik Horn. *DBAN* and *EBAN* are trademarks of Darik Horn.

All other marks are the property of their owners and used without permission.

# Darik's Boot And Nuke

**Download** | **Help** | **News** | **Contact** | **About DBAN** | **About EBAN**
SourceForge Project Page | Development Status | Documentation

Home

---

## About EBAN

EBAN is the commercially supported edition of DBAN that has a technician training and certification course, full telephone support, network booting and reporting, better server equipment compatibility, and easy serial number database export for compliance with SarBox, HIPAA, and FISMA.

Warranty and indemnity can be purchased for EBAN, which is a good way to externalize the risks associated with asset disposition and on-site data destruction.

EBAN is available through select computer OEMs and recycling companies, usually as a free or low-cost bonus for existing customers. If you're doing an end-of-life or asset disposition job, then check the catalog or schedule

**Government of Canada** users should visit the GEEP GoC web site. Just send an email to support from your .gc.ca address if you're unsure about who you should contact.

*Boot And Nuke* is a registered trademark of Darik Horn. *DBAN* and *EBAN* are trademarks of Darik Horn.

All other marks are the property of their owners and used without permission.

SourceForge.net: Darik's Boot and Nuke: Topic: How can I get a copy of EBAN?

FIND AND DEVELOP OPEN SOURCE SOFTWARE

Welcome, Guest!   Log In | Create Account

enter keyword

Find Software   Develop   Create Project   Blog   Site Support   About

SourceForge.net > Projects > Darik's Boot and Nuke > Forums > Help > How can I get a copy of EBAN?

Share      Donate

# Darik's Boot and Nuke

Summary   Files   Support   Develop   Tracker   **Forums**

## How can I get a copy of EBAN? Monitor

Enter Keyword ............   All Forums   [ Search ]          Add A Reply

You are viewing a single message from this topic. View all messages.

dajhorn                                              2009-11-23 02:35:07 UTC

How can we apply for or find someone who can supply EBAN to us?

GEEP is currently the only distributor of EBAN, and they usually bundle it as part of their recycling portfolio. If you are not an OEM or otherwise doing some monthly tonnage through them, then EBAN is difficult to obtain.

Past that, EBAN is not a drop-in replacement for any similar product, and it has some notable deficiencies for small deployments.

In the last year, prices in this market fell to $5 per unit for retail, and $1-$3 for volume. Ask your incumbent vendor for a better price.

Note that this forum thread will be hidden or deleted sometime this week because it is off topic.

< Previous | 1 | Next >                                    Show 25

## Add a Reply

This forum does not allow anonymous participation.

Log in to add a reply. Not registered? Create an account to participate and receive email updates when replies are posted to this topic.

**About SourceForge**
About SourceForge
Contact Us
Jobs @ Geeknet
Advertising

**Find Software**
Search Software
Browse by Category
Most Popular Overall
Most Active Overall

**Develop Software**
Create Project
Project Help Wanted
New Projects

**Community**
The Blog
@sourceforge on Twitter

**Help**
Site Documentation
Submit Support Requests
Site Outages
Feedback

Copyright © 2009 Geeknet, Inc. All rights reserved. Terms of Use

# Darik's Boot And Nuke

**Download** | Help | News | Contact | About DBAN | About EBAN
SourceForge Project Page | Development Status | Documentation

Home

## Contact

### Technical Support

Email: support@dban.org

Please visit the **Help and Support** before making a support request by email.

### Business Inquiries

- Voice: +1-866-969-3226. (Toll-free, USA.)
- Voice: +1-519-805-4469. (Alternate, Canada.)

Contact us through your account manager whenever possible. We do not provide free telephone support to the public, and unrecognized cold callers usually get voicemail.

Typical response times are same-day for supported customers and three business days for the general public. Office hours are 9am to 5pm Central Time (1400-2200 UTC).

*Boot And Nuke* is a registered trademark of Darik Horn. *DBAN* and *EBAN* are trademarks of Darik Horn. All other marks are the property of their owners and used without permission.

CAUSE NO. 2009-50404-367



GEEP TEXAS LLC and                    §        IN THE DISTRICT COURT
TECHWAY SERVICES, INC.,               §
                                      §
        Plaintiffs,                   §
                                      §
v.                                    §        DENTON COUNTY, TEXAS
                                      §
DARIK HORN,                           §
                                      §
        Defendant.                    §        367 JUDICIAL DISTRICT

### PLAINTIFF'S MOTION TO SHORTEN TIME FOR
### HEARING ON MOTION FOR EXPEDITED DISCOVERY

Plaintiff GEEP Texas LLC ("Plaintiff") files this Motion to Shorten Time for Hearing on

Motion for Expedited Discovery and, in support thereof, shows the Court the following:

1.      On December 15, 2009, Plaintiffs filed their Original Verified Petition, Request

for Temporary Restraining Order and for Temporary and Permanent Injunctive Relief

("Plaintiffs' Original Petition""").    In summary, Plaintiffs' Original Petition alleges that

Defendant Darik Horn ("Defendant" or "Horn") has violated and continues to violate his

contractual and common law duties to Plaintiffs and will continue to inflict irreparable harm on

Plaintiffs unless enjoined.

2.      In his role as Director of Technology with Plaintiff GEEP, Horn not only gained

knowledge of GEEP's trade secrets and confidential information but further had control over the

server that is at the heart of GEEP's electronic data destruction business.    Horn voluntarily

resigned his employment with GEEP in October 2009, with an effective last day of paid

employment of November 30, 2009.

3.    On Saturday, December 5, 2009, GEEP discovered that Horn cut off its access to the server, thereby paralyzing GEEP's ability to receive and respond to various customer inquiries, to perform maintenance and upgrades on the software and to generate new business from communications routed through the server.   In fact, among other wrongful acts, Horn never actually delivered the source code that he was paid to develop as an employee of GEEP and instead, upon information and belief, has stored it on his *personal* server.   Horn re-routed tech support, telephone contact and e-mail communications to a location that he controls, thereby preventing GEEP from receiving important communications from its customers.

4.    While employed by GEEP, Horn solicited a key employee of GEEP to work for a company he indicated he was forming.  Horn has further diverted customer communications and, upon information and belief, continues to misrepresent communications as being received or sent by GEEP.  Upon information and belief, Horn is disparaging and intends to continue disparaging GEEP and its product, including through a threatened "press release" that has already been drafted, according to an e-mail mistakenly forwarded by Horn to a GEEP employee on December 4, 2009.

5.    In conjunction with its Original Petition, Plaintiff has filed a Motion for Expedited Discovery.  In light of Defendant's conduct at issue in this case and the significant irreparable harm likely to be suffered by Plaintiffs, time is of the essence.  Specifically, Plaintiff seeks to quickly obtain discovery from Defendant regarding the customer communications he has intercepted, the Source Code, Object Code and Documentation for EBAN® and so that Plaintiffs can adequately prepare for the temporary injunction hearing.

6.    Plaintiffs therefore move for entry of an order allowing Plaintiff to have its Motion for Expedited Discovery heard today, December 15, 2009 (or the soonest available time).

For the foregoing reasons, Plaintiff respectfully prays that this motion be granted and that Plaintiff's Motion for Expedited Discovery be heard on December 15, 2009. Plaintiff requests all other relief to which it may show itself justly entitled.

Respectfully submitted,

TABER ESTES THORNE & CARR PLLC

By: _____

Dawn Estes
State Bar Number 14251350
destes@taberestes.com
Laurie Martin
State Bar Number 24002442
lmartin@taberestes.com
3500 Maple Avenue, Suite 1340
Dallas, Texas 75219
(214) 526-2100
(214) 526-2128 (fax)

ATTORNEYS FOR PLAINTIFF GEEP TEXAS LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon Defendant Darik Horn by e-mail and by U.S. first class mail on the 15th day of December, 2009.

_____
Dawn Estes

**PLAINTIFF'S MOTION TO SHORTEN TIME FOR HEARING ON MOTION FOR EXPEDITED DISCOVERY – Page 3**

CAUSE NO. **2009-50404-367**

| | | |
|---|---|---|
| Geep Texas LLC, Techway Services, Inc | § | In the District Court |
| VS | § | Denton County Texas |
| Darik Horn | § | 367th Judicial District Court |

### Certificate of Cash in Lieu of Bond for Restraining Order &/or Injunction

I, Sherri Adelstein, Clerk of the District Courts of Denton County, Texas, do hereby certify

12/15/2009, Geep Texas LLC; Techway Services, Inc,Applicant(s),  deposited  $1000.00 cash

in lieu of  cost bond, as set by the Honorable Lee Gabriel , payable to Darik Horn, Defendant(s)

conditioned the applicant will abide by the decision which may be made in this cause, and will

pay to the Defendant all sums of money and costs that may be adjudged against him/her if the

restraining order or temporary injunction shall be dissolved in whole or in part, as authorized by

and in compliance with Rule 684 of the Texas Rules of Civil Procedure.

Issued, under my hand and seal of said court at my office, in the City of Denton, Denton

County, Texas  on this the 15th day of December, 2009.

Sherri Adelstein
Denton County District Clerk
1450 E McKinney, Ste 1200
Denton TX 78209

By: _____

Carol Patterson, Deputy Clerk