IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 29 2009

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| GEEP TEXAS LLC and TECHWAY SERVICES, INC., § § § § Plaintiffs § § v. § § DARIK HORN, § § § Defendant § § § § | Case No. 4:09-cv-00622 |

## STIPULATED PROTECTIVE ORDER

This Stipulation is entered into by and among Plaintiffs GEEP Texas LLC and Techway Services, Inc. and Defendant Darik Horn (each of which is individually referred to hereafter as a "party," and all of which are collectively referred to hereafter as the "parties").

WHEREAS, the parties assert that formal discovery in this litigation may require the disclosure of information or materials that include confidential commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure and, the parties seek to ensure that such information is not made public, disseminated beyond the extent necessary for this litigation, or used for any purpose other than in connection with this litigation;

WHEREAS, the parties submit that good cause exists for entry of this Protective Order.

NOW, THEREFORE, the parties agree as follows:

**1      SCOPE**

1.1    This Order governs the production or exchange of documents and other discovery materials in connection with this Action by or between the parties and any third parties, and their current and former representatives, consultants, agents, employees and attorneys.

1.2 If discovery sought from third parties in connection with this Action would require disclosure of confidential information of a third party, the third party may avail the protections of this Order through a written agreement between the third party and the party seeking information. Under such an agreement, all information produced by the third party will be governed by this Order and all parties shall treat it accordingly.

1.3 <u>Non-disclosure</u>. This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the parties. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, except at a hearing that involves issues related to any provision of this Order. Nothing in this Order, including the recitals, shall constitute an admission by any party.

**2 DEFINITIONS**

2.1 "Producing Party" means any party or non-party producing documents or information under this Protective Order.

2.2 "Receiving Party" means any party that receives documents or information in this Action.

2.3 "Protected Information" includes any document or information that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY".

2.4 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" ("Confidential Information") designates Protected Information that counsel for a Producing Party in good faith believes to be of a proprietary business or technical nature that is generally not available to the public. For example, Confidential Information may include, but is not limited to, materials such as non-public financial information, marketing and sales information, customer lists, market research, business plans, confidential design specifications, and confidential source code for

computer programs. Any and all permissible disclosure of Confidential Information by a Receiving Party is set forth in Section 4.1. Attorney's Eyes Only Information should include only those materials treated by a party with the utmost security and confidentiality, the very existence of which, if disclosed to a competitor, could cause damage to a party. An example of Attorney's Eyes Only information is computer source code embodying a unique method for accomplishing a valuable task. Any and all permissible disclosure of Attorney's Eyes Only Information by a Receiving Party is set forth in Section 4.2.

**3     DESIGNATION OF PROTECTED INFORMATION**

3.1     The Producing Party shall identify all Protected Information by labeling each page of a produced document with one of the following labels: "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY". Each page shall be labeled in a manner that shall not interfere with its legibility.

3.2     Any summary, compilation or copy of any document or thing designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be treated the same as the underlying document or thing as provided by this Order.

3.3     The parties shall put forth a good faith effort in making their confidentiality designations so as to not designate documents and materials that do not qualify for the designated protection.

3.4     The "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in Section 10.

3.5     <u>Documents Made Available for Inspection:</u> If a Producing Party elects to produce documents or other material for inspection, no markings need be made by the Producing Party in

advance of the inspection. But after the Receiving Party selects documents or material for copying, the Producing Party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the Receiving Party. Until the Producing Party provides copies of the documents or materials selected for copying, all documents made available for inspection and information conveyed therein must be treated as if they contained Attorneys' Eyes Only Information.

3.6     If Protected Information is produced in a form that does not allow each page to be labeled consistent with Section 3.1, the Producing party must take appropriate care to label it in a manner as consistently as possible with Section 3.1 (e.g., when producing a CD-ROM, label the CD-ROM). The Receiving Party must treat the materials appropriately, consistent with this Order.

## 4     DISCLOSURE OF PROTECTED INFORMATION

4.1     No Receiving Party shall disclose any document or thing designated "CONFIDENTIAL" in accordance with Section 3 of this Order, to any other person or entity, except to the following:

    4.1.1     <u>the Court</u> and its personnel, in which event such information shall be filed under seal;

    4.1.2     <u>court reporters</u> taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

    4.1.3     <u>outside counsel</u> and the employees of outside counsel ("Outside Counsel") who are assisting in this litigation and whose duties require access to Confidential Information;

    4.1.4   <u>vendors and contractors (such as copying services) retained to assist outside counsel</u>;

    4.1.5   <u>employees</u> of the Receiving Party that have a "need to know" the information designated Confidential for purposes of this litigation, provided each has signed an agreement in the form of Exhibit A, and that each executed Exhibit A is submitted to the opposing parties prior to disclosure of any Confidential Information.

    4.1.6   <u>the person whose testimony is being taken</u>, subject to Sections 8 and 9;

    4.1.7   <u>consulting or testifying experts</u> retained by the parties or their counsel to assist in this litigation;

    4.1.8   <u>Defendant;</u>

    4.1.9   <u>Third parties that were the sender(s), recipient(s) and/or who have prior knowledge of all subject matter referenced in the material designated as "Confidential."</u>

4.2   No Receiving Party shall disclose any document or thing designated "ATTORNEY'S EYES ONLY" in accordance with Section 3 of this Order, to any other person or entity, except to the following:

    4.2.1   <u>the Court</u> and its personnel, in which event such information shall be filed under seal;

    4.2.2   <u>court reporters</u> taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

    4.2.3   <u>outside counsel</u> and the employees of outside counsel ("Outside Counsel") who are assisting in this litigation and whose duties require access to Attorney's Eyes Only Information; and

      4.2.4   vendors, contractors (such as copying services), forensic examiners and/or experts retained to assist outside counsel in this litigation;

## 5   CHALLENGES TO DESIGNATIONS

      5.1   Should any Receiving Party to this proceeding object to the designation of Information as "CONFIDENTIAL" or 'ATTORNEY'S EYES ONLY", the objecting party must apply to this Court to determine whether or not such classification is valid and the Information entitled to protection; provided, however, that any Information the designation of which is subject to dispute shall be treated as "CONFIDENTIAL" or 'ATTORNEY'S EYES ONLY", as designated, subject to this Order pending further order of the Court. With respect to any such proceedings before the Court, the parties agree to proceed on an expedited basis, so long as each party has had a reasonable time to submit briefing prior to any expedited hearing. The burden of proving the existence of good cause to designate Information as "CONFIDENTIAL" or 'ATTORNEY'S EYES ONLY" shall at all times be on the party asserting such position.

## 6   USE OF PROTECTED INFORMATION

      6.1   Protected Information disclosed pursuant to this Order shall, unless otherwise ordered by this Court, be used solely for the purpose of this Action, and not for any competitive purposes or for any other reason. To the extent that a party believes that the disclosure of Protected Information is necessary for business operations, the party must seek the permission of other parties to this Agreement. If permission for the requested disclosure is denied, the party must seek an Order from the Court.

      6.2   Unless otherwise restricted by the Agreed Temporary Restraining Order in this lawsuit and/or any other subsequent Order of the Court, this Order does not restrict in any

manner the use or disclosure by any Producing Party of any information in its own documents or things.

## 7   COURT FILINGS WITH PROTECTED INFORMATION

7.1   To the extent that any documents or things designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" are to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of the Court according to any local rules of the Court in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the Parties or Court personnel."

7.2   The parties agree that such filing does not compromise the Confidential Information status of such information. The parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a party's Confidential Information designation should be stricken.

## 8   DEPOSITIONS INVOLVING PROTECTED INFORMATION

8.1   Any attendee at a deposition in which Protected Information is shown or discussed must be qualified under this Order to review such information. The parties expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Protected Information is shown or discussed.

8.2   During any deposition, when counsel of record for a party deems that a question and/or answer to a question will result in disclosure of Protected Information, counsel may designate as "CONFIDENTIAL" the portion of the transcript or videotape containing such question or answer.

8.3     After a deposition has concluded, if a party wants to give a designation of confidentiality to information that was previously undesignated, a party may do so, after providing written notice to all parties within twenty (20) business days of receipt of the transcript by the party's counsel of record. Once written notice is received, all parties must treat the designation appropriately according to the remaining provisions of this Order and must immediately take all appropriate steps to correct any pre-designation disclosure.

8.4     Any portion of the transcript designated as "CONFIDENTIAL" shall be transcribed separately, placed in a separately bound volume and designated in the manner set forth in Section 3 of this Order.

# 9    INADVERTENT DISCLOSURE

9.1     <u>Inadvertent Disclosure of Protected Information:</u>

9.1.1    Inadvertent failure to designate documents or things as Confidential pursuant to this Order, shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this Section are satisfied.

9.1.2    If the Producing Party discovers that information should have been but was not designated with the appropriate level of confidentiality, the Producing Party must immediately notify all other parties and provide copies of the appropriately designated Protected Information. Upon receiving such notice, the Receiving Party shall track down and return to the Producing Party or destroy, with written confirmation of destruction, all copies of the original information produced with inappropriate designation.

9.1.3    The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of inappropriately designated Protected Information occurring before

the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

9.2     Inadvertent Disclosure of Privileged Information:

9.2.1   Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this Section are satisfied.

9.2.2   If the Producing Party discovers that information produced should have been withheld on the basis of privilege, the Producing Party must immediately notify all other parties. In such event, the parties must immediately return the privileged information along with all duplicates. Once notified of the production of privileged information, a Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing Party. Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information.

9.2.3   The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.

**10      GENERAL PROVISIONS**

10.1    Continuing Jurisdiction. After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any Producing Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other

person who has had access to Protected Information pursuant to this Order, so that the Court can continue to enforce this Order.

10.2   Modification.   The Parties may modify this Order only by written agreement. The Court may modify this Order upon a showing of good cause.  Nothing in this Order shall be construed as precluding any Party from seeking such modification.

10.3   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or the Court's Docket Control Orders or existing Orders relating to discovery previously entered in this case.

10.4   Improper Disclosures.   If Protected Information is disclosed to any person other than in the manner authorized by this Order, the party, third party or person responsible for this disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the Producing Party, and shall make every effort to prevent further improper disclosure.

10.5   In the event that any person who has or had access to Protected Information leaves the employ of a Receiving Party, the Producing Party shall be given notice of such departure and written confirmation of that person's understanding that he or she remain bound by this Order.

10.6   Nothing herein prevents a counsel for any party from giving legal advice or opinion to his or her client simply because counsel has reviewed Protected Information as defined in this Order.  However, except as otherwise provided in this Order, counsel may not disclose any Attorney's Eyes Only Information to his or her client.

      10.7    <u>No Admission or Waiver</u>.  Nothing in this Order shall be construed as an admission by Horn that Plaintiffs' claims have merit, including but not limited to Plaintiffs' claims of right to use the EBAN software and trademark, nor shall Horn's agreement hereto be construed as an admission that he will not suffer harm by agreeing to these terms. Nothing in this Order shall be construed as an admission by Plaintiffs that Horn has any rights beyond those contemplated under the Software Development Agreement between Horn and Techway, Services, Inc., dated November 9, 2005 ("Software Development Agreement") and/or any other agreements (including employment terms) between Horn and Defendants or a waiver of Plaintiffs' rights under the Software Development Agreement and/or any other agreements (including employment terms) between Horn and Defendants. Said issues are reserved for determination by the Court.

IT IS SO ORDERED.

DATED: ___December 29___, 2009.

                                  BY THE COURT:

                                  _/s/ Richard A. Schell_____

                                  UNITED         STATES         DISTRICT         JUDGE